### In re MOORE.

(District Court, S. D. Georgia, S. W. D. June 27, 1906.)

BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—DEED GIVEN AS SECURITY. ·

An instrument given as security for a loan, and purporting to be a deed conveying real estate, but which was not accompanied by a bond for reconveyance, as required by Civ. Code Ga. 1895, § 2771 et seq., to constitute a statutory security deed, nor by a transfer of possession of the property, and which contains a power of sale, a recital that it is given for the purpose of securing a debt, and other contradictory provisions, constitutes a common-law mortgage, which does not pass the title, and is enforceable in the courts of the United States as a lien only; and where the property remained in the possession of the debtor until his bankruptcy, and was surrendered to his trustee, it is subject to sale as a part of the assets of his estate.

In Bankruptcy. On petition for review of referee's decision. The following is the opinion of the referee:

Clarence H. Leavy, the trustee in bankruptcy, applied to this court for leave to sell all of the assets of said estate. The application was regularly heard, and at the hearing one B. P. Jones, scheduled as a creditor of said bankrupt, appeared by his counsel, and filed his objections to the sale of that part of the property set out in his objections, and alleged that the same is not the property of the bankrupt, but that objector claims title thereto under a certain deed executed by the bankrupt to him on the 5th day of April, 1904, copy of the deed being attached to his objections and made a part thereof. Objector asserts that the said deed was executed and delivered for the purpose of securing the payment of a certain note of even date with the deed for the sum of $9,540, and that by the terms of the deed the title to the property described therein passed into him. He further alleges that the property claimed does not exceed in value the sum of $3,500, and that it is burdensome and without value to the trustee for the benefit of the general creditors. To these objections counsel representing the trustee has demurred, alleging that the instrument claimed to be a deed conveying the title to him is not a deed, but simply a mortgage, and furthermore, that if the instrument is held to be a deed, it is void for usury, etc. Considerable testimony has been heard on these objections, and as to the value of the property claimed by Jones. The evidence satisfactorially establishes the fact that the property claimed is worth a sum substantially in excess of the amount due him on account of the loan secured by the instrument in question. The court therefore concludes that the property is not burdensome in character, and that the trustee of said estate has an interest therein for the benefit of the general creditors of the estate.

The more difficult question to determine, however, is: Is the instrument offered in evidence in behalf of the objector a mortgage or a deed? These facts are undisputed: The paper was given to secure a present loan, and was made as security for debt. The conveyance was not drafted in accordance with, or intended to operate as provided by, Civ. Code Ga. 1895, § 2771

et seq.; no bond to reconvey being given, and no reference made in the instrument to the Code section supra. The possession of the property remained in the grantor, and upon the filing of the petition in involuntary bankruptcy by the creditors of the bankrupt the property was seized by the marshal, and passed to the trustee of the estate as a part of the assets of the bankrupt. The wording of the paper is somewhat contradictory, the word "mortgage" being used in the fifth paragraph thereof in this connection, "which is made a part of this mortgage," and in the seventh. paragraph this language is used: "This conveyance is intended to pass the title of the property herein described into the said party of the second part, and for the purpose of securing the prompt payment of the following described note, to wit." There is a power of sale embraced in the instrument, which provides that upon the failure of the grantor to promptly pay the note to secure which the deed was given, that the grantee should have the right to sell the property at public outcry, after due advertisement, and to make the purchaser or purchasers of the property good and sufficient title in fee simple to the same, thereby divesting out of Moore (the bankrupt) all right and equity which he may have had in said property, and vesting the same in the purchasers. The right and equity· which the instrument declares shall be vested in the purchaser or purchasers is the "fee-simple title to the same." Under the peculiar law of the state of Georgia, a debtor may, by a deed to secure debt, transfer the legal title to his creditor as security for a debt; the creditor making, contemporaneously with the execution of the deed, a bond to reconvey the property upon the payment of the indebtedness. In such a case, where the deed purported upon its face to have been made for the purpose of securing a debt, and reciting that it was executed under the provisions of the Code sections relating to deeds to secure debt, although it did not fall strictly within the provisions of said sections, because no bond to reconvey was given, it has been held that the instrument passed title to the grantee. Williamson v. Orient Ins. Co., 100 Ga. 791, 28 S. E. 914. But it was admitted by the learned counsel for the objectors that the instrument in question cannot be classified as a deed to secure debt under the provisions of the Georgia law. Thereupon arises the pertinent inquiry, What is the paper? It is not an absolute deed, because there was no transfer of possession. It is not a security deed under the Georgia law, it is admitted. It therefore must be a common-law mortgage. "If the instrument made by W. T. Alexander be equivalent to a common-law mortgage. nevertheless, in the United States court it can be enforced in equity only." In that view it would be the creation of a trust estate, with a trust resulting to the mortgagor on the discharge of the debt. This appears to be substantially the effect of the state statutes quoted above. It is true that the statute declares that the instrument provided for "shall be held by the courts of this state to be an absolute conveyance, with right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured." Code 1882, § 1969. A mortgage at common law is nothing more. Conrad v. Insurance Co., 1 Pet. 442, 7 L. Ed. 189. The statute declares that the instrument is "not a mortgage," but this evidently means a mortgage by the law of Georgia, which does not convey title, and is merely a security for debt. Code 1882, § 1954. Whatever the instrument may be termed by the state statute, or howsoever it may be enforced under the blended practice of the state, a court of the United States cannot fail to perceive in it the creation of a trust for creditor and debtor. the enforcement of which is within the. exclusive jurisdiction of equity" (Alexander v. Mortgage Co. [C. C.] 47 Fed. 135); and the United States courts have repeatedly held the security deed, termed by the Georgia law "an absolute conveyance of title," a mere mortgage. "The promissory note, the deed, and the bond to reconvey evidence one transaction, must be construed together, and expressly show that the conveyance of the land was to secure the payment of the debt evidenced by the note. It is too plain to admit of argument that the transaction was a borrowing of money and giving a lien on land to secure the loan. This is a mortgage." Ray v. Tatum. 72 Fed. 112, 18 C. C. A. 466.

It is urged for the defendant with great earnestness that the instrument is called a "deed"; that it "grants, bargains, aliens, conveys, and confirms;" that

it gives an absolute right to sell; that it confers absolute seisin upon Nussbaum; and that the statute and repeated decisions of the supreme appellate court of the state leave it no longer open to dispute that under such a conveyance the title absolutely passes. In support of this proposition, among many others, the following cases are cited: Roland v. Coleman, 76 Ga. 652; Biggers v. Bird, 55 Ga. 650; Carswell v. Hartridge, 55 Ga. 412; Johnson v. Trust Co., 55 Ga. 691; Behn v. Phillips, 18 Ga. 466. In reply to the contention of the defendant's counsel, the plaintiffs make the broad assertion that, if the deed or other instrument to alienate or change the title is given to secure a debt, with the right existing, either by operation of law or by express reservation, to redeem the property pledged, it is neither an alienation, nor, in the absence of an express stipulation identifying the conveyance and forbidding it, such a change of the title as will avoid the insurance. In the maintenance of this proposition great reliance is placed upon the decision of the Supreme Court of Georgia in Insurance Co. v. Feagin, 62 Ga. 515. In that case the policy made the insurance void in case of "any sale, transfer, or change of title in the property without the company's consent indorsed on the policy." It was pleaded there that the insured had no title at the time of the insurance. They had simply an interest under a bond for titles. The property had been previously transferred to one Ogden as trustee, to secure a debt due to a trust association, and the trustee had in the same conveyance bound himself to reconvey to the assured on the payment of the debt. In that case, also, there was the same language of conveyance as in the deed before the court. There, as here, possession was left in the grantor, the assured. There, as here, the grantee had the power upon default to take possession of the property and to bargain and sell at public or private sale, to execute titles, and to give possession to the purchaser to apply the proceeds—first, to the payment of the note; and, second, to account for any balance to the parties insured. There is this difference: In that case there was an indorsement on the policy that the loss, if any, is made payable to the trust association, viz., the debtor intended to be secured; and this was done with the consent of the insurance company. The jury found for the plaintiff, and a motion for new trial was made upon the following ground, among others: "Because the court charged that the deed to Ogden, trustee, was only a lien, and did not without more invalidate the policy; that it did not amount to a sale, there being no change of possession or step towards that end." Nussbaum v. Northern Ins. Co. (C. C.) 37 Fed. 527, 1 L. R. A. 704. "This is an attempt on the part of the creditors of William Miller to administer his estate in bankruptcy. It appears that an important part of the estate is about to be sold by the Thomasville Loan & Improvement Company by virtue of a deed made by the debtor, in which, under the law of Georgia, he conveyed title to that company. This, nevertheless, in equitable contemplation, is security only for debt." In re Miller (D. C.) 118 Fed. 360. And in the case of New England Mortgage Security Co. v. Gay, 145 U. S. 123, 12 Sup. Ct. 815, 36 L. Ed. 646, the highest court in the land seems to have characterized this peculiar instrument "a mortgage." If a security deed declared by the state statute to be an absolute conveyance is held in the courts of the United States to be merely a mortgage, with how much stronger reason can it be argued that a conveyance not in accordance with such a statute, but on its face merely a security for the payment of a debt, and containing conflicting characterizations, a power of sale, and a provision for the passing of the fee-simple title out of the grantor, is merely a mortgage. It matters not what the parties themselves call the instrument, the court will determine from the context of the paper what in law it really is. Brantley v. Wood. 97 Ga. 755, 25 S. E. 499.

The transaction between the parties to the conveyance was the borrowing and lending of money, and the taking of the paper in question as security for the debt. The grantor remained in possession of the property, and a part of the personalty therein conveyed was sold by him in the usual course of trade, and other parts have passed out of the possession of the grantor and of his successors in estate. The transaction must therefore be held to constitute a mortgage.

In marshaling the assets of a bankrupt estate the court is confronted with numerous contests for the right of priority. In this case, as against this particular property, there are claims for taxes in favor of the state of Georgia and the county wherein the property is located, claims of laborers who have performed services and have rights against this property, and various and sundry other claimants seeking establishment of their right against the same. The property is manifestly fast deteriorating in value, and there is a vast amount of expense attending the keeping of the same. At best, the objector can only hope to be paid the balance due him on account of his loan—balance, I say, because $3,500 has already been realized from the sale of a part of the property claimed by this objector—and so it occurs to me that it would be far more expedient and for the benefit of all parties concerned that the property belonging to the estate in general, which is very small, and this property in particular, should be sold at public outcry at the earliest opportunity after due advertisement; the property of the general estate being sold separate and apart from the property claimed by the objector, and the proceeds held separately to await the determination of this contest, and that hereafter the rank and dignity of the objector's claim may be fixed and established against the proceeds of the sale as easily as against the property itself.

An order will therefore be entered granting the prayer of the trustee for the sale of the assets of the estate, in accordance with the foregoing opinion.

D. W. Krauss, for the trustee.

A. T. Woodward, C. L. Smith, and J. M. Wilkinson, for B. P. Jones.

SPEER, District Judge. In this case, after due consideration, the court adopts as its own the singularly clear, satisfactory, and attractive opinion of Max Isaac, Esq., referee in bankruptcy, and directs that order of affirmance be entered.