HESTER *et al.* v. GAIRDNER, guardian.

1. The demurrer was properly overruled.
2. If a deed is made to secure a particular debt, it can not be extended by a subsequent parol agreement so as to secure other debts. But where a deed in the form of a warranty deed was given to secure an indebtedness, and no bond to reconvey was made, and there was nothing in the written contract to fix the amount of indebtedness secured, but the deed expressed a certain amount as a consideration thereof, in a suit by the grantee against the grantor or his administrator, seeking a general judgment and also to establish a lien on the property, it was competent to show by parol evidence that the deed was given to secure an indebtedness already existing to the amount expressed as a consideration, and also to secure future advances to be made.
3. Where a note was transferred by written assignment from the payee to one person, it was not competent to ask him, the assignee, to state in parol whose note it was, so as to prove title thereto in another.
4. That the plaintiff amends his petition so as to change certain allegations, does not raise an issue with himself which must be submitted to a jury.
5. There was some conflict in the evidence, and the court erred in directing a verdict.

Submitted April 18,—Decided June 15, 1907.

Equitable petition. Before Judge Holden. Elbert superior court. July 10, 1906.

Anderson Hester made a deed in the form of an ordinary warranty deed to Mrs. Lavonia Gairdner, guardian. It was dated December 6, 1900, and expressed a consideration of $243.40. Lavonia Gairdner, as guardian for James P. Gairdner, brought

suit against Blackwell, as administrator of Hester, alleging, that up to December 6, 1900, she had advanced to Hester the sum of $243.40, and that on said date she took an absolute deed from him to secure the payment of the sum named; that after the date of the deed she advanced to the decedent $156.99 in the aggregate. "Said sum was advanced under the agreement with said Edmunds, alias Hester, that all such sums so advanced to him should be secured by said deed, and that your petitioner should not deed said land back until all of said moneys were fully paid petitioner." The giving of notice of an intention to sue in order to claim attorney's fees was alleged in accordance with the act of 1900. The plaintiff prayed for a general judgment for the sum of $470, besides interest; that the judgment should be a special lien upon the land described in the deed; that the plaintiff be allowed to make to the administrator a deed; and that the land be sold as the property of the estate for the purpose of first paying this debt and then being administered. The plaintiff amended her petition by alleging as follows: "At the time said deed was given, said Anderson Hester owed petitioner the amounts of said notes, and in order to secure said notes said Hester gave said deed, and also to secure whatever might be advanced by petitioner subsequent thereto. Since the making of said deed and said notes, petitioner has advanced said sum of $158.99, under the agreement that said deed should secure all future advancements made to said Andrew Hester by petitioner; and at the time said deed was made, said Gairdner, plaintiff, agreed to make further advances." Plaintiff further amended by striking from the original petition everything in conflict with this amendment. Matilda Hester, the widow of the decedent, alleged that the equity of redemption in the land had been set apart to her as a year's support, and was made a party defendant. She filed a demurrer to the petition, which was overruled. She also filed an answer, in which she denied that the plaintiff was entitled to a lien upon the land for an amount in excess of $243.40 with interest. She also denied that the plaintiff was entitled to recover attorney's fees, because the law under which the plaintiff gave the notice and claimed attorney's fees was not in force when the note sued on was given. On the trial at the close of the evidence the presiding judge directed a verdict in favor of the plaintiff for $423.79 principal, and $112.56 interest.

Defendant moved for a new trial, which was denied upon the plaintiff's writing off a part of the recovery. Defendant excepted.

*C. P. Harris,* for plaintiff in error.

LUMPKIN, J. (After stating the facts.)

1. The demurrer was without merit, and was properly overruled.

2. Objection was made to the admission of parol evidence offered for the purpose of showing that when the deed was made, Hester and the agent of the plaintiff agreed that it was to secure not only the amount of money already advanced, but also that which might be subsequently advanced, and that the plaintiff was not to convey the land back to Hester so long as any part of the money that might be subsequently advanced by her to him should remain unpaid. This was objected to on the ground that it tended to establish a parol agreement made contemporaneously with the deed, and thereby to add to the deed terms not expressd in it. The objection was overruled. Of course, the general rule is that a written contract can not be varied by parol evidence. The deed here involved was on its face an ordinary warranty deed. It described no debt and contained no provision for any reconveyance. There was nothing to show that any bond for title, or written contract to reconvey title upon the payment of any particular debt or amount, was made. "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in its procurement is the issue to be tried." Civil Code, §2725. If the debtor remained in possession, he or his widow, who took a year's support in the property, could show that the conveyance was only intended to secure a debt, and thus to operate as an equitable mortgage. *Carter* v. *Hallahan,* 61 *Ga.* 314. The creditor could bring ejectment on such a title; or, if the creditor chose, the deed could be foreclosed in equity as such a mortgage. *Bateman* v. *Archer,* 65 *Ga.* 271. It does not appear that the possession was surrendered to the grantee. The grantee did not claim the property as absolute owner, but claimed only that she held the title to secure an indebtedness. The defendant did not contest this fact, but only the amount of the indebtedness thus secured. The exact question, therefore, is whether the amount expressed as the consideration of the deed was conclusive as to the entire amount of the indebtedness secured, or whether it was com-

petent to show by parol that the consideration of the deed included the securing not only of the amount named, but also of other advances to be made. If a deed is made to secure a particular debt, it can not be extended by a subsequent parol agreement so as to secure other debts. This may be done by written contract. But to allow a deed to be extended by parol, so as to include an indebtedness which was not secured by it when made, would be, in effect, to change or add new conditions or purposes to a deed by parol. *Pierce* v. *Parrish,* 111 *Ga.* 725, 730; *Wylly* v. *Screven,* 98 *Ga.* 213; Johnson v. Anderson, 30 Ark. 745; Stoddard v. Hart, 23 N. Y. 556. But where there is nothing in the written contract between the parties limiting the security to a particular amount or debt, and the only amount stated is as a consideration for a deed which is in form an ordinary warranty deed, the actual consideration of such deed existing at the time of its making may be shown by parol.

At common law the weight of authority was to the effect that the recital in a deed of conveyance of the payment of the consideration money could not be denied by parol; but even there the judges sometimes expressed doubt on the subject. See Rowntree v. Jacob, 2 Taunton, 141; Lampon v. Corke, 5 Barn. & Alder. 606; Baker v. Dewey, 1 Barn. & Cress, 704. The weight of authority in America is to the contrary, and treats the recital of the payment of the purchase-money like the mention of the date of the deed, and other matters incidental and collateral to the principal thing, and holds that while the grantor is estopped from denying the conveyance, yet the recital is considered at most but prima facie evidence only of payment, in an action of assumpsit to recover the price which is yet unpaid. At an early date it was held by this court that the recital of the payment of the consideration money in a deed does not fall within the rule by which a party is estopped to deny it. *Harwell* v. *Fitts,* 20 *Ga.* 723. In *Martin* v. *Gordon,* 24 *Ga.* 533, it was ruled that upon a suit for damages for a breach of warranty, the amount of consideration money recited in the deed could be inquired into. Two of the Judges held that this could be done not only against the grantee of the warrantor, but against any subsequent grantee. Judge McDonald dissented, urging that a grantor ought not to be allowed to name a consideration in his deed and thus induce subsequent purchasers to rely on it,

and afterwards prove that it was untrue, to the prejudice of a bona fide purchaser without notice. It was declared in the original code, and has been preserved in each of the succeeding codes, that "The consideration of a deed may always be inquired into when the principles of justice require it." Civil Code, § 3599. The exact meaning of the expression "when the principles of justice require it" has not been determined. In the case before us the deed was admittedly made to secure an indebtedness. An amount was stated as the consideration of it. And it was claimed that parol evidence could not be introduced to show, as a part of the consideration, the securing of advances beyond the amount so named. In *Dawson* v. *Briscoe,* 97 *Ga.* 408, where a deed to realty of considerable value purported on its face to be executed upon a nominal money consideration only, it was held that it could be supported by evidence showing that the grantee was the grantor's daughter, and that the real consideration was love and affection. In *Thompson* v. *Cody,* 100 *Ga.* 771, it was held that where the consideration of the deed was expressed as being love and affection, it was nevertheless competent to support it by evidence tending to show that there was an additional valuable consideration moving the grantor to its execution. We think, therefore, that it would be competent to introduce evidence to show that the actual consideration of the deed at the time of its execution covered not only the securing of the debt then due but also the securing of future advances to be made. But if, when the deed was made, it was to secure a particular debt, it could not be made a security for other debts by a subsequent parol agreement. See also, on the general subject of parol evidence, *Atlanta & West Point R. Co.* v. *Hodnett,* 36 *Ga.* 680; *Johnson* v. *McComb,* 49 *Ga.* 123; *Stone* v. *Minter,* 111 *Ga.* 45; *Carter* v. *Griffin,* 114 *Ga.* 321; *Harkness* v. *Smith,* 115 *Ga.* 350.

On the admissibility of parol evidence to explain the consideration or identify the debt to be secured by a mortgage, there have been numerous decisions. In *Sutton* v. *Sutton,* 25 *Ga.* 383, it was held that "A discrepancy between the debt and the mortgage given to secure it may be explained by parol proof." In *Gunn* v. *Jones,* 67 *Ga.* 398, the same ruling was made, and it was added: "but a draft having no apparent connection with a mortgage will not be admitted without explanation." The leading case on the

subject is that of Shirras *v.* Caig, 11 Cranch, 34. It was there held that "It is not necessary to the validity of a mortgage that it should truly state the debt it is intended to secure; but it will stand as a security for the real equitable claims of the mortgagees, whether they existed at the date of the mortgage, or arose afterwards, upon the faith of the mortgage, before notice of the defendant's equity." In the opinion Marshall, C. J., (p. 50) said: "It is true that the real transaction does not appear on the face of the mortgage. The deed purports to secure a debt of 30,000£ sterling, due to all the mortgagees. It was really intended to secure different sums, due at the time from particular mortgagees, advances afterwards to be made, and liabilities to be incurred to an uncertain amount. It is not to be denied that a deed which misrepresents the transaction it recites and the consideration on which it is executed is liable to suspicion. It must sustain a rigorous examination. It is certainly always advisable fairly and plainly to state the truth. But if, upon investigation, the real transaction shall appear to be fair, though somewhat variant from that which is described, it would seem to be unjust and unprecedented to deprive the person claiming under the deed of his real equitable rights, unless it be in favor of a person who has been in fact injured and deceived by the misrepresentation." This ruling has been generally followed. McKinster *v.* Babcock, 26 N. Y. 378; Miller *v.* Lockwood, 32 N. Y. 293; Stover *v.* Herrington, 7 Ala. 142 (41 Am. Dec. 86) ; Wilkerson *v.* Tillman, 66 Ala. 532; Bray *v.* Comer, 82 Ala. 183; Hendon *v.* Morris, 110 Ala. 106; Wilson *v.* Russell, 13 Md. 495 (71 Am. Dec. 645) ; Hendrix *v.* Gore, 8 Oregon, 407; Summers *v.* Roos, 42 Miss. 749 (2 Am. Rep. 654) ; Nicklin *v.* Betts Spring Company, 11 Oregon, 406 (50 Am. R. 477) ; Hall *v.* Tay, 141 Mass. 192; Tully *v.* Harloe, 35 Cal. 302 (95 Am. Dec. 102). In most, if not all, of these cases the amount for which a foreclosure was sought was less than the amount expressed in the face of the mortgage. The exact question as to whether, if a mortgage expresses a certain amount which it is made to secure, this amount can be increased by parol evidence has seldom been dealt with. In Edwards *v.* Dwight, 68 Ala. 389, it was said that this was very doubtful; but the point was not decided. In the later Alabama cases above cited this distinction was not suggested. In 1 Jones on Mortgages (6th ed.) §374, it is

said: "It is not necessary that the mortgage should express on its face that it is given to secure future advances. It may be given for a specific sum, and it will then be security for a debt to that amount. This definite sum will then limit the extent of the lien." But see §384. Some of the decisions seem to hold otherwise. See Bell *v.* Radcliff, 32 Ark. 645; Johnson *v.* Bratton, 112 Mich. 319; Johns *v.* Church, 12 Pick. 557 (23 Am. Dec. 651). In the section of Jones on Mortgages above cited (§1067) it is also said that "An absolute conveyance may be used to secure future advances, or to secure an existing debt and also future advances. The agreement to reconvey when the advances are repaid is sufficient, although it exists in parol only."

As to a mortgage, the code says it must "specify the debt to secure which it is given." Civil Code, §2724. It may be doubtful whether, if a sum be thus specified as part of the agreement as the amount to be secured, it can be enlarged by parol. One or two authorities have come to the notice of the writer in which a distinction is drawn between increasing by parol proof a specific amount agreed to be secured by a mortgage and the admission of parol proof to show what was in fact the consideration of a deed purporting to be an absolute conveyance, though really given as a security. It is not necessary in the present case to determine the rule of evidence in regard to mortgages or instruments stating on their face that they are given to secure only a named amount, or whether the amount so agreed to be secured is a limitation forming a part of a contract which can not be enlarged by parol. Nor is it necessary to go as far as some of the cases above cited. As already stated, the instrument here involved is not on its face a mortgage, but a deed. It does not declare that it is given to secure a specified amount, or any amount at all. Apparently no bond to reconvey upon payment of any specified amount was given. In order to show that it is a security at all, parol evidence is necessary. To do this the consideration of the deed must be inquired into, and it must be shown what the real consideration was. Having gone thus far in the introduction of parol evidence, under the rulings of this court already cited in regard to the admission of such evidence to prove that the real consideration of a deed was more or less than that recited, there was no error in admitting parol evidence to show that the indebtedness secured by the deed when

it was made was greater than the amount of consideration expressed on its face. No third person has been misled or has acted to his injury on the faith of the recital. The wife is entitled to a year's support only in the equity of redemption. It is practically a case inter partès. The rights of third persons are not involved.

3. Objection was made to asking a witness, "Whose note is that?" reference being had to a note of the decedent given to one Eberhardt and afterwards transferred in writing to Jones, a witness. The transfer was in these words: "For value received, I hereby transfer the within note to W. O. Jones," signed by the payee. The answer was, "Mrs. Gairdner's note." Objection was made on the ground that the note was transferred in writing by the payee to Jones, and parol evidence was not admissible to vary the indorsement thereon, or to show that the owner was different from the indorsee. The objection was overruled. The purpose apparently was to show that the note had been taken up by an agent with the funds of his principal, and though transferred by the payee to the agent individually, that it was really taken up by the principal, and that the amount advanced for that purpose was a part of the indebtedness secured. If the note were transferred to the principal, or were surrendered and cancelled, so as not to operate as an outstanding liability of the defendant in the hands of some third party, we see no reason why it could not be shown that the principal advanced the money which accomplished that result. But it is not competent to produce a note which is transferred in writing to one person and baldly show by parol that it belongs to another.

4, 5. The presiding judge erred in directing a verdict for the plaintiff. Counsel for defendant contends, that the allegation in the original petition and that in the amendment in regard to the agreement differed, and that this made a question of fact for the jury. But we do not understand that whenever a plaintiff withdraws or strikes an allegation and substitutes another by amendment, this makes an issue of fact in the pleadings of the party himself, which must be submitted to a jury. Any admission made by him in his pleadings, though afterwards stricken or withdrawn by amendment, may still be tendered and used as an admission on his part, by the opposite party. But a party by amendment does not

raise issues of fact with himself, necessitating the · assistance of·
a jury to determine them.

There was, however, conflicting evidence in the case. Thus,
Jones, the agent of the plaintiff, testified that "no agreement was.
made about this deed except what is on its· face." Smith, the.
bookkeeper of Jones, testified to the effect that there was an
agreement and understanding between Jones and Hester. He
said, "In addition to that, the understanding was that any further
indebtedness made thereafter was also to be secured by the deed."·
Plainly no such agreement as this appears on the face of the deed.
There may be some mode of reconciling or explaining these con-·
flicting statements, but they should be passed upon by the jury,.
not by the judge.

*Judgment reversed. All the Justices concur.*