2672   McINTIRE, adm'r, *et al. v.* GARMANY.

RUSSELL. J.   1. The right of creditors to subject to the payment of their judgments the surplus realized from a sale under a security deed is superior to the claim of a transferee of the bond to reconvey whose interest was acquired subsequently to the date of the judgments. *O'Connor* v. *Georgia Railroad Bank*, 121 *Ga.* 88 (48 S. E. 716) E converso, the transferee of a bond to reconvey whose transfer is anterior to a judgment against the transferor of the bond will be entitled to take the surplus derived from the sale of property conveyed to secure a debt.

2. Generally, in the absence of fraud, the assignee of a bond for title secures all the rights and equities to which the assignor was entitled thereunder. Where a borrower executes a deed to secure a debt, and the lender gives a bond to reconvey upon the payment of the debt, and subsequently the maker of the deed borrows another sum of money from the grantee and executes upon the bond for title a written agreement that the grantee shall not be required to reconvey the property until the last-mentioned debt is fully paid, the effect of the second contract is to extend to the new loan the security afforded by the deed, and not only is the transaction good between the parties, but the lender is entitled to priority over the lien of a judgment obtained by a third party on an unsecured debt created after the deed was recorded. This is true notwithstanding that the written agreement upon the bond for title, extending the security afforded by the deed to the second loan made by the grantee to the grantor, was never recorded. *McClure* v. *Smith*, 115 *Ga.* 709 (42 S. E. 53).

3. The lien which inheres and arises by operation of law upon the execution of a deed given to secure a debt is a legal entity distinct from the debt itself. It secures the payment of the debt not only by affording evidence of its existence, but by providing for its payment. Debt and security are not synonymous terms. Where a deed conveying title to real estate has been executed to secure the payment of several distinct debts, the lien created by the execution and delivery of the deed is potential to secure the payment of every debt contracted to be secured thereby. And this result is not affected by the fact that in attempting to collect one of the debts sought to be secured, title to the realty in question has been placed in escrow in the debtor for the purpose of levy and sale. This itself does not exhaust the lien or extinguish its power to provide for the payment of another of the debts secured by the deed, even though the latter debt may not have been reduced to judgment, until after the property has been sold by virtue of an execution issued upon a judgment rendered in favor of a creditor or claim under which the property has been levied and sold, provided the proceeds are before the courts for distribution. A security deed conveys the absolute title, and leaves the grantor no interest in the land which can be subjected to levy and sale by a creditor whose judgment was obtained after the deed was executed. Before such levy and sale can be made, there must be a redemption of the property. A redemption can be accomplished only by payment in full of the debt secured.

4. As one may by contract generally waive any of his rights, a tenant in common who is a joint owner and holds title to an undivided one-third interest in a tract of land may contract that he will not assert his title against existing or future debts of his cotenant, or that he will waive and forego any claim to the fund realized from the sale of the joint property. The maker of such a contract would thereafter be estopped from protesting that his property was being subjected to the payment of the individual debts of a debtor with which he was not concerned. Where one of two tenants in common, for valuable consideration, agrees to the creation of a lien upon his property "to secure the payment of any note now held by the said party of the second part, made or endorsed by the said parties of the first part, or either of them, or any notes which may be held by said party of the second part, either made or endorsed by the said parties of the first part or either of them," the proceeds of the sale of the property conveyed for the purpose of securing this contract must be applied to the payment of the debts referred to.

5. Under the undisputed facts disclosed by the record the court should award the fund, less taxes and costs, to the Germania Bank.

*Judgment reversed.*

DECIDED FEBRUARY 15, 1911.

Rule; from city court of Savannah—Judge Freeman. May 10, 1910.

*George W. Owens,* for plaintiffs in error.

*H. C. Cunningham, E. S. Elliott,* contra.