### 3137.  KIGHT, administrator, *v.* ROBINSON.

1. Parol evidence is inadmissible to extend or increase the amount of indebtedness specifically secured by a mortgage, where the mortgage does not show that it was given to secure future advances. Evidence that a mortgage was intended to secure a note not specified in it is properly repelled, in the absence of an averment that, by reason of fraud, accident, or mistake, the correct amount was not stated.

2. A mortgage foreclosure is a proceeding stricti juris, and the lien of the mortgage can not be extended to secure indebtedness other than that specifically mentioned in the condition of the mortgage.

DECIDED FEBRUARY 24, 1912.

Affidavit of illegality; from city court of Wrightsville—Judge Kent. November 21, 1910.

*William Faircloth, Charles S. Claxton,* for plaintiff.

*E. L. Stephens,* for defendant.

RUSSELL, J.  Mrs. N. J. Kight foreclosed a chattel mortgage executed by Louis Robinson, and to the foreclosure the mortgagor interposed an affidavit of illegality. The mortgage and the note which it was given to secure were included in the same writing. By its terms Robinson promised to pay N. J. Kight, or order, on October 1, 1908, $500, with interest at maturity at the rate of 8 per cent. per annum; and, to secure the payment of the note, he mortgaged a growing crop of 75 acres in cotton and 38 acres in corn on a designated farm, and several head of live stock. The condition of the note was that if he should " truly pay the above note at maturity, then this mortgage to be null and void." There is no intimation, from the language of the note or mortgage, that it was executed to secure future advances. The consideration of the note is not stated further than by the usual phrase "value received." The affidavit of illegality set up that the mortgagor had paid the

plaintiff the amount of the mortgage, which was given to secure payment for supplies to be furnished to make the crop for the year 1908, but specifically denied that the mortgage was to secure the purchase-price of any guano. Another ground of the affidavit of illegality was that the plaintiff was not entitled to recover more than three fourths of the amount of the account for supplies, because she had not at any time applied to the ordinary and had her weights and measures marked, sealed, and stamped as required by law. Another ground of illegality was that the mortgage was void on account of usury. Upon the trial (in which all issues of fact were submitted to the judge, without the intervention of a jury) a judgment was rendered finding the defendant to be indebted to the plaintiff $65.66, with $10.51 interest; and to this judgment exception is taken.

There is no conflict as to the fact that the defendant sustained, by uncontradicted testimony, the ground of illegality based upon the provisions of § 1882 of the Civil Code (1910), and established by the plaintiff's own witnesses, that he was entitled to have a deduction of one fourth of $330.89 of supplies sold to him by the plaintiff. It was also admitted that the defendant had paid, upon the supplies advanced him from the store, $368.08. Under this view of the evidence the defendant would have owed for supplies from the store only $361.70, instead of $444.42, and therefore would also have sustained the ground of illegality in which he asserted that he owed nothing upon the mortgage. Under this view of the case it seems to us that the *defendant* could well have complained of the judgment for $65.66 rendered against him, but he has not done so. So much as to the evidence which was admitted by the court; and upon this branch of the case it appears that the only ground for complaint by the plaintiff consists in the fact that if she was entitled to recover at all she was entitled to a finding for a larger amount. This contention rests upon two propositions: (1) that under the evidence which was excluded and not considered by the court, the levy of the mortgage fi. fa. was entitled to proceed for the full amount of the fi. fa., and (2) that even if the first proposition be not sound, the judge should have entered judgment for $76.34, instead of $65.66, upon the evidence which the judge did consider. We shall therefore first consider the assignments of error which complain of the exclusion of testimony.

It appears, from the evidence, that the defendant purchased from the plaintiff supplies to the amount of $444.42, and also bought of her $225 worth of guano. The plaintiff's contention in the lower court was that the mortgage for $500 was given to secure this entire sum of $669.42. The plaintiff admitted that Robinson had paid $368.08 upon the running bill at the store. The difference between the two, of course, would be $76.34. As evidence of the indebtedness for guano the plaintiff tendered in evidence a note for $225, payable to the Mutual Fertilizer Company, or bearer, signed by Robinson. This note, upon objection, the court repelled from the evidence, and, in his judgment, he states that it was not considered. As to whether the guano was intended to be included in the $500 note, the parties were in direct conflict in their testimony; and for that reason the judge would have been authorized to find either way upon the issue; but since the court states, in the judgment, that the note, which was admitted by both parties to represent the purchase-price of the guano, was not considered by him, the question is squarely raised as to whether evidence was admissible to the effect that while the mortgage purported to secure an indebtedness stated in its face to be $500, it was in fact intended to secure a considerably larger amount. In other words, where the amount of the note to be secured by the mortgage is definitely stated in the mortgage, can it be shown aliunde that a different amount was intended to be secured, and that thereby the lien of the mortgage, for an amount different from that specified therein, attached to the personal property upon which a lien was created? We have been unable to find any adjudication upon the direct point in this State. We are cited by counsel for the plaintiff to the rulings in *Hester* v. *Gairdner*, 128 *Ga.* 531 (58 S. E. 165), and *Emerson* v. *Knight*, 130 *Ga.* 105 (60 S. E. 255). Neither of these cases, however, appears to be in point.      *Judgment affirmed. Pottle, J., not presiding.*