### AMERICAN NATIONAL BANK OF MACON *v.* BROOKS.

There was no abuse of discretion in the grant of an interlocutory injunction.
APRIL 14, 1915.

Injunction. Before Judge Mathews. Bibb superior court. November 10, 1914.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.
*L. D. Moore* and *Sam B. Hunter,* contra.

EVANS, P. J. The firm of Chambers and Young was indebted to the American National Bank of Macon. Chambers and Young ceased to do business as a firm. Chambers desired to personally engage in business and to obtain a line of credit with the American

National Bank in the sum of $5,000. The bank agreed to extend the credit if the contemplated advance of $5,000 was secured. This was accomplished by the execution of a security deed by J. R. Brooks to the American National Bank, in consideration of $5,000. This deed was written on a printed form, and contained these printed words: "This instrument is intended by the parties hereto and is to be construed as a deed passing title, and is made under provisions of Section 3306 et seq., and Section 6037, of the Code of Georgia of 1910, to secure the payment of a debt evidenced by one certain promissory note executed concurrently with this deed, and payable to the party of the second part or order, and bearing the same date as this deed, and further described as follows [typewritten words]: Note made by J. M. Chambers for Five Thousand Dollars ($5,000), due on demand, this deed being intended to secure said note and any renewal or extension thereof, and any other notes which may be given by the said J. M. Chambers or any other indebtedness of the said J. M. Chambers to said bank, not to exceed at any one time the sum of $5,000, this deed being intended to secure the indebtedness of the said J. M. Chambers to the extent of said $5,000, no matter how the same may be represented;" followed by this printed clause: "As well as any notes which may be given in renewal of said notes above described and any notes which may be given as evidence of interest or extension of the time of payment of the debt herein secured." Upon the delivery of this deed the bank passed $5,000 to the credit of Chambers. Subsequently the bank undertook to secure a renewal of the old Chambers and Young note. Chambers signed the renewal note, and it was sent to Young for his signature. Young refused to sign it, and the old note of Chambers and Young was never surrendered. Brooks tendered the amount due the bank, exclusive of the Chambers and Young note and the renewal thereof by Chambers; and the bank insisted on the inclusion of this attempted renewal note in the indebtedness secured by the deed from Brooks, and was undertaking to sell the property of Brooks to pay that amount, as well as the balance due on the note given by Chambers at the time of the execution of the deed by Brooks.

It is clear that the indebtedness secured by the deed from Brooks to the bank was limited to a new indebtedness not to exceed $5,000, which the bank agreed to advance to Chambers on the security of

the deed of Brooks. The deed only secured a new debt and renewals thereof, not to exceed $5,000. There is nothing in the deed to indicate any purpose or undertaking to secure any pre-existing debt of Chambers or of Chambers and Young. Hence prior indebtedness was excluded, and the deed did not secure the indebtedness evidenced by the old note of Chambers and Young. The note of Chambers, in the attempted renewal of the old note of Chambers and Young, did not change its character and give it the essence and nature of a new indebtedness. The court did not abuse his discretion in granting an injunction to stay the exercise of the power of sale under the facts of the case.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*