BANK OF CEDARTOWN *v.* HOLLOWAY-SMITH COMPANY.

GILBERT, J. Where one executes a deed to secure an indebtedness evidenced by a promissory note, which deed recites that "contemporaneously herewith the grantee hath executed to me a bond for title to reconvey to me said property upon the payment of said debt; said debt evidenced by . . note of this date and bearing 8 per cent. interest per annum from date, and which are hereby made a part of this contract and due as follows: December 12, 1914. It is agreed and understood that this deed shall stand as security to any renewal of all or any part of this debt, as well as any other indebtedness I now owe or may hereafter be due said Bank of Cedartown," and the grantor does become further indebted to the grantee, after which the grantor conveys to a third person the property described in the security deed, subject "to whatever title the Bank of Cedartown has under security

deed heretofore made to said bank by" the grantor, the whole of the security deed must be looked to in order to ascertain the intent of the parties. When so construed, the deed in question was clearly intended to cover as security, not only the note referred to therein, but any future indebtedness of the grantor to the bank. It was error, therefore, to sustain a demurrer filed by the third person (the later grantee), which took its deed with notice of the full amount due by the grantor to the grantee bank, which amount had not been fully paid. *Hester* v. *Gairdner*, 128 *Ga.* 531 (58 S. E. 165). The instrument sued on is a security deed, and not a mortgage. Powell on Actions for Land, § 387.

*Judgment reversed. All the Justices concur.*
APRIL 11, 1917.

Complaint. Before Judge Bartlett. Polk superior court. March 8, 1916.

*W. W. Mundy,* for plaintiff. *Ault & Wright,* for defendant.