## WIGGS v. HENDRICKS, executor.

The petition set out a cause of action, and, for reasons sufficiently stated in the opinion, it was erroneous to dismiss the action on general demurrer.

No. 403.    DECEMBER 13, 1917.

Equitable petition.    Before Judge Mathews.    Bibb superior court.    May 30, 1917.

The petition is against the defendant as executor, and seeks a judgment against him as such, generally against the estate of the testator, and specially against certain land described in a deed executed by "T. R. Hendricks, Executor," and dated February 6, 1897, being a simple warranty deed, absolute on its face, and reciting a consideration of $2100. It is alleged, that, at the time the deed was given, the defendant as executor was indebted to the plaintiff in the sum of $2100, loaned to him to carry on the business and operate the farms of the estate; that the deed was executed to secure this amount (represented by two notes); that it was orally agreed that the deed would secure all further sums that might be advanced to the defendant by the plaintiff for the same purpose; that at sundry times other sums were advanced, for which notes were given; that the plaintiff paid certain taxes due the State and county for seventeen years; that as to all these items of indebtedness, except the taxes, T. R. Hendricks gave his notes under seal; and that on the 29th day of September, 1915, the defendant acknowledged the correctness of the entire indebtedness, and thus revived any of the items that otherwise might have been barred by the statute of limitations. The testatrix in her will "appointed her husband, Thomas R. Hendricks, as her executor, with full and ample power to take charge of her entire property, personal and real, to manage it as his discretion seemed best to him, to sell and reinvest the proceeds of any sale of both personalty or realty as he deemed best, and all sales of both personal and real property to be solely in the discretion of her said executor at private or public sale, or in such manner and on such terms as he saw fit to adopt relative to any and all her property, without any order from the court of ordinary for such sales or reinvestment; that her said executor was to be left in the management of her said estate to his own discretion, and should not be compelled to make returns of his acts and doings in the premises; she reposing

entire confidence in his judgment and discretion to manage the property to the best interest of his and her children, without any interference by the court, or order or direction therefor. She therefore gave him to manage without restriction all her said property, leaving it with him when and how to divide it among their children, or to keep it together as long as he lived, . . that her said executor should not be made to account for the management and disposition of her property, or the proceeds thereof, but should have absolute and untrammeled control of her estate during his life without liability therefor; and . . that her husband . . be the guardian of the person and property of all of her said children." The plaintiff prayed for a decree in her favor, and that the deed be foreclosed as an equitable mortgage, etc.

The defendant demurred to the petition, on the following grounds: (1) No cause of action. (2) That the notes show this to be the individual undertaking of T. R. Hendricks. (3) That the deed is invalid, as it is alleged it was to secure individual notes of T. R. Hendricks. (4) That the deed is the deed of T. R. Hendricks individually; but even if it was more than that, it could not by parol be shown to be intended to secure future indebtedness. (5) That the alleged debts are shown to be barred by the statute of limitations. (6) That the petition does not show with sufficient definiteness in what way or for what specific purpose, in keeping the estate together and operating the farms of the estate, the money was furnished and used. ·

The court sustained the demurrer, and the plaintiff excepted.

*Hall & Grice* and *Robert C. & Philip H. Alston*, for plaintiff. -
*T. S. Felder*, for defendant.

GILBERT, J. (After stating the foregoing facts.)

1. "An instrument which will serve to execute a power and which purports to convey the specific realty to which the power applies will be referred to an interest, and not to the power, if the maker had an interest on which the conveyance could attach; but if he had no such interest, it will be referred to the power, and be treated as made in execution thereof." *Terry* v. *Rodahan*, 79 *Ga.* 284 (5 S. E. 41, 11 Am. St. R. 420) ; *Hart* v. *Lewis*, 130 *Ga.* 504 (61 S. E. 26) ; *Mahoney* v. *Manning*, 133 *Ga.* 784, 786 (66 S. E. 1082). The maker of the deed in question had no interest in the property, but was clothed with practically plenary powers over it.

Direct reference to the power conferred in the will is not necessary. *Grayson* v. *Germania Bank,* 140 *Ga.* 467, 473 (79 S. E. 124). This deed is signed "T. R. Hendricks, Executor." It was competent to show by parol evidence that the deed was given to secure an indebtedness already existing, and also to secure future advances. *Hester* v. *Gairdner,* 128 *Ga.* 531 (58 S. E. 165). Ordinarily an executor has no authority to borrow money and to bind the estate, but a testator may so empower the executor. Every will is a law unto itself as to the powers of the executor, if the testator so provides. The authority of the executor in this case is based solely on the terms of the will; and if waste or misfortune overtakes the estate, it is because of the almost unlimited powers conferred upon the executor.

2. The petition, construed as suing for the money actually furnished, as evidenced by notes thereto attached, and for money paid for taxes for the benefit of the estate, was relieved from the operation of the statute of limitation by the acknowledgment of the indebtedness in writing, as shown by the exhibit.

3. The petition was not subject to dismissal on the ground of indefiniteness in regard to specific purposes in keeping the estate together and operating the farms for which the money was furnished.

4. The petition alleges that the deed was executed and delivered to secure the existing debts, and to secure any and all further sums for which the defendant might in the future become indebted to the petitioner "as executor aforesaid." A demurrer based on the ground "that the deed is invalid, as it is alleged it was to secure individual notes of T. R. Hendricks," was not well founded, and should have been overruled.

5. A ground of demurrer, "that the notes show this to be the individual undertaking of T. R. Hendricks," is not well taken, in a suit for the money furnished to and used by the defendant, the notes being referred to "as evidence of" the debt.

6. The petition set out a cause of action, and the judgment sustaining the general demurrer was erroneous.

*Judgment reversed. All the Justices concur.*