10043.   TROUP COMPANY *v.* SPEER *et al.*

JENKINS, J. 1. An instrument in the form of an ordinary warranty deed, except that it contains a provision that "This mortgage deed is the second mortgage on these lands, said grantor having heretofore given mortgages on these lands to George K. Johnson and John W.

Hamer, trustees of Penn Mutual Life Insurance Company, of Philadelphia, and this deed is given subject to those mortgages," and which does not contain a defeasance clause, will be construed not as a mortgage, but as an instrument passing title to secure a debt in the amount stated as the consideration of the deed.

2. While, under the provisions of section 3257 of the Civil Code (1910), one of the requisites to the validity of a mortgage is that the debt which it is given to secure shall be therein specified, a different rule obtains as to a deed given to secure a debt, and it is not necessary that such a conveyance shall specify the amount of the indebtedness that it is given to secure (*McClure* v. *Smith*, 115 *Ga.* 709, 712, 42 S. E. 53); but where an instrument made in the form of a security deed does in fact and by its own language specify and thus limit a debt in a named amount as being the one which it is actually intended to secure, the record of the instrument will not suffice to give to the grantee thereunder any priority over third persons who may have subsequently and in good faith acquired a lien upon the same property, except as to the amount of the particular indebtedness thus specified. See *American National Bank* v. *Brooks*, 143 *Ga.* 320, 322 (85 S. E. 117); *Bank of Cedartown* v. *Holloway-Smith Co.*, 146 *Ga.* 700 (92 S. E. 213); *Leffler Co.* v. *Lane*, 146 *Ga.* 741 (92 S. E. 214); *Skinner* v. *Elliott*, 17 *Ga. App.* 511 (2) (87 S. E. 759). As between the parties themselves the rule would be different, and although a deed may be given as security for a named indebtedness in a specified amount, it is competent for the parties to extend the security by agreement so that *as between them* it shall cover an additional indebtedness. *Wylly* v. *Screven*, 98 *Ga.* 213 (25 S. E. 435); *Hester* v. *Gairdner*, 128 *Ga.* 531, 534, 538 (58 S. E. 165). Where the instrument is written in the form of an absolute conveyance and does not within itself disclose that title is passed merely as security for a debt, the record of the conveyance puts the world upon notice that no interest or equity in the land remains in the grantor, and one subsequently dealing with him could not be misled or injured by the statement of the consideration as contained therein (*McClure* v. *Smith*, supra; *McIntire* v. *Garmany*, 8 *Ga. App.* 802 (70 S. E. 198); *Bank of Chatsworth* v. *Patterson*, 148 *Ga.* 367, 96 S. E. 996); and in such a case a parol agreement extending the security to an additional indebtedness is not to be taken as varying the written terms of the instrument, and is good, since *where the form is that of an ordinary warranty deed*, the mere naming of a consideration is not to be taken as stating any amount of security or limiting it to any particular sum. *Hester* v. *Gairdner*, supra; *Wiggs* v. *Hendricks*, 147 *Ga.* 444 (94 S. E. 556).

3. Under the ruling stated in the preceding paragraph, the record of an instrument such as is described in paragraph 1, which on its face must be taken as a security deed only, and which makes no reference whatever to the fact that the indebtedness thereby secured was represented by a promissory note or other written evidence of indebtedness, would not give priority to the grantee thereunder over a third person who subsequently and in good faith acquired a lien upon the same property, except as to the amount stated therein as the consideration, together with subsequent interest at the legal rate of seven per cent.

per annum, and the ordinary or non-contractual cost of court incurred in its collection. The record of such a security deed, as given to secure such an indebtedness thus specified in amount, would not of itself impart notice to such third person of a claim to seven years' previously accrued interest on the said indebtedness, nor of a claim for attorney's fees. Had the recorded deed shown that the debt thereby secured was evidenced by written contract of indebtedness, the rule would be different, and the record of the deed would have been notice to one dealing with the grantor therein of all the rights which the grantee had under such contract of indebtedness to which reference was thus made, according to its actual terms and provisions, to the extent that such terms are not actually inconsistent with the statements contained in the recorded deed. *Mattlage* v. *Mulherin*, 106 *Ga.* 834 (32 S. E. 940); *Hardy* v. *Truitt*, 20 *Ga. App.* 529, 534 (93 S. E. 149).

   *Judgment reversed.* *Wade, C. J., and Luke, J., concur.*

DECIDED APRIL 19, 1919. ADHERED TO ON REHEARING, JUNE 12, 1919.

Money rule; from Troup superior court—Judge Terrell. July 10, 1918.

For the purpose of securing the payment of his promissory note to Eady-Baker Company for $6,130.88, and interest thereon at the rate of eight per cent. per annum from a date several years prior to the date of the note, and attorney's fees for collection, Hogg executed an instrument reciting a consideration of $6,130.88 and in the form of a warranty deed, except that it contained the statement that "This mortgage deed is the second mortgage on these lands, said grantor having heretofore given mortgages on these lands to George K. Johnson and John W. Hamer, trustees of Penn Mutual Life Insurance Company of Philadelphia, and this deed is given subject to those mortgages" (meaning security deeds). Some time after this instrument had been recorded, the maker executed a deed to the same lands as security for a debt to the Troup Company. Judgments were afterwards obtained against him for the amounts of these debts, the lands mentioned were sold under the Penn Mutual Life Insurance Company's judgment, and from the proceeds of the sale, after payment of that judgment, the above-mentioned sum of $6,130.88 was paid to George A. Speer as transferee of Eady-Baker Company's judgment, leaving due thereon the interest and attorney's fees provided for in the note. On a rule to distribute the remainder of the proceeds in the hands of the sheriff, the Troup Company contended that it was entitled to have the fund applied to its judgment instead of to the interest and attorney's fees included in the Eady-

Baker Company judgment, which judgment it contended had priority only to the extent of the amount named in the above-mentioned instrument executed as security to the Eady-Baker Company. This contention was not sustained, the court holding that the claim of the transferee of the Eady-Baker Company's judgment, for interest and attorney's fees, was entitled to priority. The Troup Company excepted.

Cited in brief for plaintiff in error: 27 Cyc. 991; 1 Jones on Mortgages (7th ed.), §§ 357, 360, 530, 531, 533; 19 R. C. L. 423, 424; 19 Ga. App. 487 (2); 146 Fed. 187; Civil Code (1910), §§ 3257, 3259, 3260; 4 Pa. 178; 53 U. S. 139; 80 Ala. 16; 13 Ark. 112; 117 U. S. 679; 13 Ga. 443-5; 135 N. Y. 543; 54 Wis. 636; 117 Ga. 76; 20 Ga. App. 593 (2); 137 Ga. 848; 144 Ga. 52 (5); 9 Am. Dec. 459; 10 Ga. App. 548; 17 Ga. App. 513; 128 Ga. 531; 6 Md. 52; 41 Am. Dec. 434; 30 Ark. 417; 113 U. S. 814; 115 Ga. 709; 8 Ga. App. 802.

Cited contra: Civil Code (1910), §§ 3306, 3257; 120 Ga. 396 (3), 401; 69 Ga. 452, 614; 115 Ga. 709, 712, 713; 128 Ga. 531 (2), 534; 147 Ga. 444; 17 Ga. App. 511 (2); 8 Ga. App. 802; 20 Ga. App. 529; 106 Ga. 834; 27 Cyc. 1065.

*A. H. Thompson, R. W. Freeman,* for plaintiff in error. *Hatton Lovejoy, Arthur Greer, E. T. Moon,* contra.