### 20831. ALBANY LOAN & FINANCE COMPANY v. TIFT et al.

JENKINS, P. J. 1. An instrument in the form of a bill of sale may be so worded as to secure a present, past, or future indebtedness; that is, any or all of such indebtedness. *Leffler Co.* v. *Lane,* 146 *Ga.* 741 (92 S. E. 214); *Skinner* v. *Elliott,* 17 *Ga. App.* 511 (85 S. E. 759); *Troup Co.* v. *Speer,* 23 *Ga. App.* 750 (2) (99 S. E. 541). The notice under such a recorded lien does not appear to be limited to transactions inter partes (*Bank of Cedartown* v. *Holloway-Smith Co.,* 146 *Ga.* 700, 92 S. E. 213), the rule with regard to third persons being that the lien for future advances must be indicated in the security deed or bill of sale, unless the instrument be in the form of an absolute conveyance, as distinguished from a sale as security for a debt. *Hester* v. *Gairdner,* 128 *Ga.* 531 (58 S. E. 165); *Troup Co.* v. *Speer,* supra.

2. A contract may be renewed between the same parties, as to the same subject-matter and upon the same consideration, without working a novation. Civil Code (1910), § 4226. In order that the taking of a new note and a new lien to secure it, between the same parties, will operate to discharge or displace the pre-existing lien, it is essential that the new lien embrace different property, or that it be based upon a

new and distinct consideration. *Farkas* v. *Third National Bank*, 133 *Ga.* 755, 756 (66 S. E. 926, 26 L. R. A. (N. S.) 496); *Foy-Adams Co.* v. *Smith*, 19 *Ga. App.* 172 (91 S. E. 242); 41 C. J. 582, § 546.

3. In the instant case, the renewal contract between the same parties embraced the same security, and did not embody a new consideration, for the reason that security for future advances was contemplated under the terms of the original bill of sale, and consequently the taking of a new note including such new advances, and a new bill of sale in express renewal of the old note and the old bill of sale, amounted to nothing more than a renewal between the same parties as to the same subject-matter and upon the same consideration, the taking of the new note and new lien amounting to nothing more than a liquidation of the amount already secured under the original lien.

4. Under the foregoing rulings, the holder of the original bill of sale did not relinquish his lien by the renewal contract, and the court erred in holding otherwise.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931. REHEARING DENIED SEPTEMBER 18, 1931.

*S. B. Lippitt,* for plaintiff.
*Bennet & Peacock, L. A. Peacock,* for defendants.

ON MOTION FOR REHEARING.

It is urged that since the agreed statement of facts shows that "at the time he made the second deed to secure debt the Albany Loan & Finance Co. advanced him $100, this being the consideration for the second deed to secure debt," the holder of the bill of sale is not protected under his original recorded lien, although by

its terms it was given to secure both present and future loans and advances, the idea being, as we understand it, that the new paper constituted a novation, inasmuch as it was founded on a new consideration. While it is agreed that the additional advance was the consideration of the new bill of sale, it is not indicated that the new advance was a new and distinct consideration from that contemplated by and provided for under the terms of the original bill of sale. *Rehearing denied.*