## WYLLY *v.* SCREVEN.

1. Where an action was properly brought, not only for the purpose of obtaining a money judgment for the amount of the plaintiff's demand, but also for the purpose of establishing a lien upon specified property, any written instrument by which the debt was secured and the lien created, if set forth and declared upon in the declaration, is, in the absence of a plea of *non est factum*, admissible in evidence in the plaintiff's favor, without proof of its execution.

2. Where a deed was executed to secure a specified debt, the security thus created could, by a written contract between the parties, be so extended as to secure, as between them, another debt subsequently contracted by the grantor in favor of the grantee; and in such case it was not essential that this latter contract should in terms specifically describe the property covered by the original deed, this being sufficiently accomplished by references in the contract to the deed itself, and the description in the latter being full and accurate.

3. The evidence warranted the verdict; there was no error at the trial, and the court did not err in refusing to set the verdict aside.

March 23, 1896. Argued at the last term.

Complaint. Before Judge Falligant. McIntosh superior court. May term, 1895.

*Garrard, Meldrim & Newman* and *Clifton & Fraser*, for plaintiff in error. *George W. Owens,* contra.

SIMMONS, Chief Justice.

Wylly, a rice planter, desired to obtain from Screven, a rice factor, advances to the extent of $6,000 for the purpose of cultivating his crop for the year 1892; and it was agreed between them that Wylly should give to Screven a note for $8,000, which Screven should use as collateral in obtaining from a bank the $6,000, it being a rule of the bank that it would not advance more than seventy-five per cent. on such paper, and to secure the payment of this indebtedness it was agreed that Wylly should execute to Screven a conveyance of certain property, real and personal; it was also agreed that Wylly should pay interest on all advances at the rate of eight per cent. per annum, and in case of non-payment, attorney's fees for collecting the same. In accordance with this agreement, Wylly, on February 1, 1892, delivered to Screven his note for $8,000 due October 1, 1892, payable to the order of Screven, and made and delivered to him a deed to the property referred to; and during that year Screven made advances to Wylly to the extent of $6,000. On February 13, 1893, at which time there was a balance due by Wylly upon this indebtedness, the parties entered into an agreement in writing whereby Screven agreed to advance to Wylly for the purpose of cultivating his crops for that year a sum not exceeding $3,200, and Wylly agreed as follows: "The party of the second part, in consideration of the advances thus to be made, agrees to make and deliver unto the said party of the first part his promissory note of even date with these presents for $3,200, due and payable on January 10, 1894, said note being secured by a deed being made by the said party of the second part to the said party of the first part of date February 1st, 1892, and the note therein described for the sum of $8,000." It was further agreed that eight per cent. interest should be paid on all advances, and that in case the note or claim for advances should be placed in the hands of an attorney for collection, ten per cent.

should be paid as attorneys' fees.   The note for $3,200 was delivered and the money advanced in accordance with this agreement.   In February, 1894, Screven brought suit against Wylly for an alleged balance of $4,525.02 due on these advances, and prayed that the realty and personalty described in the deed be sold to satisfy the same.   The defendant answered, that he did not owe the plaintiff the sum claimed and could not specify the amount due; and that the deed did not operate as a lien as to advances made under the agreement of February 13, 1893.   The jury found for the plaintiff $4,284.76, with interest from January 16, 1894, and ten per cent. attorneys' fees; and that the property be subject to the lien claimed.   The defendant made a motion for a new trial, which was overruled, and he excepted.

1.  It was complained in the motion for a new trial, that the court erred in admitting in evidence the agreement of February 13, 1893, over the objection of the defendant that there was no proper proof of its execution.   There was no error in overruling this objection.   A copy of the agreement was attached to the declaration, and it was declared on as a part of the plaintiff's case, the action being not only for the recovery of the amount alleged to be due, but to establish a lien, which lien the declaration alleged was created by the defendant's deed and this agreement together. This being so, the defendant could not require proof of the execution of the agreement, without first putting its execution in issue by a sworn plea of *non est factum*.   (See Code, §§2851, 3454, 3472, 4149, and cases cited in the notes to these sections.)   The defendant did not do this. In his answer he admitted the execution of the agreement, and denied merely that it had the legal effect claimed for it by the plaintiff.

2.  It was insisted that this agreement was ineffectual to establish a lien, for the reason that it did not describe the property; and upon this ground it was objected to as inad-

missible for the purpose for which it was offered. It was also contended that in so far as the original indebtedness was paid, the deed which had been given to secure the same ceased to be a lien, and that the lien could not be extended by such an agreement as the one in question, so as to operate as security for further indebtedness; and it is complained that the court erred in refusing to charge the jury to this effect. There is no merit in these contentions. When the new agreement was entered into, the title to the property was still in the creditor, and there was no reason why the parties could not enter into an agreement, which should be binding as between themselves, that the title, though conveyed as security for one debt, should stand as security for another. No particular form is required for an agreement to constitute a lien. It is sufficient if it clearly indicates the intention to create a lien, the debt to secure which it is given, and the property upon which it is to take effect. We think the agreement in question does this. It clearly describes the debt, and states that it is secured by the deed of the party of the second part to the party of the first part "of date February 1st, 1892, and the note therein described for the sum of $8,000." By means of this description the deed referred to could be identified, and by reference to the deed the property which it was intended should stand as security for the debt could be easily ascertained, the property being fully and specifically described therein.

3. The evidence warranted the verdict, and there was no error in refusing a new trial.　　　*Judgment affirmed.*