MIZELL *et al. v.* KESLER *et al.*

BECK, J. K. and W. filed their equitable petition against M. & P., alleging that W. executed his promissory note to M. & P., a copartnership, for the sum of $600, and in order to secure the payment of the note W. executed a mortgage to M. & P. on a certain lot of land. A few days after the execution of the mortgage W. sold the land to K., one of the petitioners, and delivered him a deed thereto. It was alleged that W. had made certain payments on the note, and that he had tendered and continued to tender the balance due on the note. The mortgage contained a power of sale, authorizing M. & P., upon default of payment of the mortgage indebtedness, to advertise and sell the land; and in the execution of this power M. & P. were proceeding to advertise the land for sale. Petitioners prayed that M. & P. be restrained and enjoined from offering the land for sale; and that the note and mortgage be surrendered by the defendants and by decree of the court ordered canceled. The defendants answered and alleged, that P., one of the defendants, had become indorser on a promissory note of W. to a certain bank for the sum of $600; that after certain renewals of the note and extensions of the time of payment, P. demanded of W. that the latter "secure him in some way, especially in view of the fact that in addition to his indebtedness evidenced by said note he (W.) was owing a store account to M. & P.," and that thereupon W. consented to give the firm of M. & P. the note referred to in plaintiffs' petition, to secure them "for their indorsement and as well to secure the store account mentioned in above paragraph, . . and that the defendant indorsed his (W's) note in favor of the bank, . . and the said mortgage and note were executed and delivered to defendants." The defendants admitted payments on the notes to the bank, amounting in the aggregate to the sum which the plaintiffs in their petition claimed had been paid upon the notes, but contended that under the facts they were entitled to enforce the mortgage for the balance due upon the notes, together with the amount due for the merchandise purchased by W. of M. & P. At the

OCTOBER TERM, 1910. (135

trial, upon reading the petition and the answer of the defendant, the court directed a verdict in favor of the plaintiffs, "without permitting the defendants to introduce evidence to prove their defense embodied in their answer, and without any evidence being submitted on the part of plaintiffs except the petition and answer." *Held*, that the court erred in directing a verdict for the plaintiffs. The defendants are entitled to show that the mortgage was given to secure the account for merchandise purchased of M. & P., as well as to secure the firm of M. & P. against liability on their indorsement of the note of W. to the bank, not exceeding in the aggregate the amount stated in the mortgage. *Hester* v. *Gairdner*, 128 *Ga.* 531 (58 S. E. 165).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 11, 1911.

Equitable petition. Before Judge Parker. Charlton superior court. October 26, 1909.

*Wilson, Bennett & Lambdin,* for plaintiffs in error.

*Toomer & Reynolds,* contra.