### 6622. SKINNER v. ELLIOTT.

1. A deed or bill of sale may be made to secure a present, past, or future indebtedness.

2. The particular indebtedness secured by an instrument is primarily a question of construction for the court, if the instrument undertakes to

set forth of what the indebtedness consists. Except as restrained by the parol-evidence rule, aliunde proof may be received to identify the indebtedness or show what is in fact secured by the instrument.

3. Construed according to their natural meaning, the words of the instrument in question in this case do not evince the intention to secure past indebtedness of the maker incurred by him by reason of his being joint maker on promissory notes executed by himself and other persons.

4. To bring before the court the question as to whether the trial court should have submitted an issue to a jury, even though there be conflicting evidence, there must be some assignment of error in the record sufficient to present the question. When an assignment of error specifically particularizes the grounds of complaint, the exception will be confined to those grounds.

DECIDED JANUARY 20, 1916.

Trover; from city court of Waynesboro—Judge W. H. Davis. April 21, 1915.

*H. J. Fullbright,* for plaintiff.

*E. V. Heath,* for defendant.

RUSSELL, C. J. In the spring of 1914 the defendant executed and delivered to the plaintiff a bill of sale of a mule, in which was a recital that it was given to secure "the sum of three hundred dollars advanced and to be advanced to me in provisions and supplies by C. W. Skinner [the plaintiff] and to secure any balance on account or note that I may be due the said C. W. Skinner at any time." The evidence indicated that the defendant had paid to the plaintiff a sufficient sum to discharge all the indebtedness to the plaintiff incurred by him during the year 1914 (except possibly a few cents—an amount so small as to be covered by the maxim de minimis non curat lex), provided that a payment made in January, 1915, had been credited on the 1914 indebtedness instead of being applied as a payment on a prior indebtedness to which we will now refer. At the time the bill of sale was executed the plaintiff held a note for $275 for the purchase-price of a different mule from the one described in the bill of sale, which note contained a reservation of title and was signed by the defendant and another, and also held an old note signed by the defendant and two other persons, payable to one Hurst, which had been transferred by him to the plaintiff. The plaintiff had undertaken to credit on the Hurst note the payment made in January, 1915, but, in view of the defendant's direction to credit it on the account secured by the bill of sale, we will treat it as properly credited thereon. We have considered the contention of the plaintiff on

the subject of the placing of this credit, and, without going into the reasons, we deem it sufficient to say that in our opinion the lower court properly treated this payment as being made upon the indebtedness secured by the bill of sale.

The plaintiff brought trover for the mule, the judgment was for the defendant, and the plaintiff excepts. The question raised by the record, as we construe it, is whether the bill of sale secured the notes which were signed by the defendant as joint maker with other persons, and which were already in existence at the time the bill of sale was executed, as well as the advances and other indebtedness incurred by the defendant himself in 1914.

1, 2. Title to realty or to personalty may be conveyed to secure a present indebtedness, a past indebtedness, or an indebtedness to be incurred in the future. The particular indebtedness to be secured by the instrument, however, is a question of construction, and in some cases a question to be determined upon consideration of proof submitted. However, if the written contract indicates an intention to secure indebtedness of a certain character (for instance, present indebtedness), parol evidence is inadmissible, in the absence of fraud, accident, or mistake, to show a contrary intention or to engraft on the contract an agreement that other and further indebtedness was also to be secured. This question is discussed at length in *Hester* v. *Gairdner,* 128 *Ga.* 531 (58 S. E. 165). See also *Fleming* v. *Georgia Railroad Bank,* 120 *Ga.* 1023 (48 S. E. 420) ; *Wylly* v. *Screven,* 98 *Ga.* 213 (25 S. E. 435) ; *McClure* v. *Smith,* 115 *Ga.* 709 (42 S. E. 53). In *Gunn* v. *Jones,* 67 *Ga.* 398 (3), it was held as to mortgages (which are more or less analagous to security deeds and bills of sale in this respect); that "a discrepancy between the amount of a debt and the amount stated in the mortgage to secure the same may be explained by parol; but a draft having no apparent connection with a mortgage will not be admitted without explanation." That decision, taken in connection with *Sutton* v. *Sutton,* 25 *Ga.* 383, which it cites, means that verbal inaccuracies in the description of the indebtedness secured may be corrected without resort to equity, where the object of the evidence is not to substitute one indebtedness for another but is merely to correct errors in the description of the indebtedness.

3. In our opinion the natural meaning of the words used in the bill of sale in this case to describe the indebtedness is that it

is the intention that there shall be secured by the bill of sale $300 worth of provisions and supplies which it was contemplated were to be advanced (except in so far as they then had been partially advanced) from the plaintiff to the defendant; also any other advances, whether on note or open account, which the plaintiff might make to the defendant, whether in excess of the $300 or not, and whether in provisions or supplies or otherwise; and that the words do not indicate an intention to secure a pre-existing indebtedness on which the defendant was liable as joint maker only. The association in which the words are used tends to limit their meaning. While it is possible that the parties might have used this language to express the idea of securing the past indebtedness of the defendant as joint promisor with other persons, still that is not the natural meaning; and in the absence of proof that there was a mutual intention that the words should have some unusual meaning the trial judge did not err in confining them to their natural meaning. The words "any balance I may be due . . . at any time" indicate a prospective, presently indefinite, and unascertained sum, and not a definite, ascertained amount owing on an existing note.

4. It may be that the evidence was such as to have required the submission of the question of the intention of the parties to the jury, but as to this we are not called upon to make a ruling. The only assignment of error is that the judge erred in his construction of the contract, "the error being that under the law the provision in the bills of sale to the mule sued for—'and to secure any balance on account or note that I may be due the said C. W. Skinner at any time'—is a valid and enforceable contract, the amount of such indebtedness being definitely shown by the notes introduced and which were admitted to be due and unpaid." This does not raise any point as to the failure of the court to submit the question to the jury. *Dickinson* v. *Stults,* 120 *Ga.* 632 (48 S. E. 173) ; *Rosenblatt* v. *State,* 2 *Ga. App.* 649 (58 S. E. 1107) ; *Arnold* v. *Ragan,* 5 *Ga. App.* 254 (62 S. E. 1052) ; *Gay* v. *Peake,* 5 *Ga. App.* 583, 585 (63 S. E. 650).

The exception to the direction of the verdict is expressly confined to the complaint that the judge misconstrued the provision quoted from the bill of sale; with the necessary implication that if the court correctly construed that provision, the direction of the verdict was not error.          *Judgment affirmed.*