## LEFFLER COMPANY *et al. v.* LANE; *et vice versa.*

1. W. in his individual capacity executed and delivered a deed to land to secure a named indebtedness due by him to L. The deed stipulated that it was given to secure "any and all indebtedness" which W.

"may hereafter owe" to L. After the delivery of the deed W. became a member of a partnership which also became indebted to L. Upon the dissolution of the partnership with the knowledge of L., its entire indebtedness due L. was assumed by W. *Held*, that under the terms of the security deed, when W. assumed the debt of the copartnership, it became his debt, and was covered by the deed described.

2. The court did not err in striking from the agreed statement of facts evidence in regard to the placing of permanent improvements on the land by subsequent grantees. These grantees bought an equity entitling them only (1) to pay up the indebtedness secured by the deed and take the property, or (2) to the surplus of cash, if any, after sale of the property and payment of the debts. The record of the security deed was constructive notice to subsequent grantees. Actual notice was not necessary.

3. The ruling in the first headnote renders it unnecessary to rule on the striking, from the agreed statement of facts, of evidence in regard to the schedule of liabilities filed by Waters in the bankruptcy court.

APRIL 12, 1917. REHEARING DENIED APRIL 28, 1917.

Equitable petition. Before Judge Charlton. .Chatham superior court. February 2, 1916.

John I. Lane filed his petition against A. Leffler Company, and Jacob Gazan, trustee, praying for injunction, for the court's construction of a security deed, and for general relief. A temporary restraining order was granted. The case was finally submitted to the judge without the intervention of a jury. To the decree passed by the court the defendants excepted; and the plaintiff filed a cross-bill of exceptions.

The petition of the plaintiff, as amended, was in substance as follows: The plaintiff is the owner of a certain described tract of land containing thirteen acres, more or less. On August 17, 1909, P. C. Waters executed to A. Leffler Company a deed to secure a debt of $1536.01, conveying to that company seventy-five acres of land, including the thirteen acres involved in the present suit. This deed was given to secure a pre-existing indebtedness, as well as to secure future advances, if any should be made, by the company to Waters. The debt of Waters has never exceeded the above-named amount, and at present the amount due by him individually to A. Leffler Company is $558, with interest. Of the 75 acres of land described in the security deed there remains unsold land to the value of $3500 or $4500, which is amply sufficient to secure the payment of the indebtedness, with interest, costs, and commissions. Notwithstanding this, A. Leffler Company, through its trustee, Jacob Gazan, is advertising for sale, along with other lands of

·Waters, the 13 acres of the plaintiff. As the advertisement shows, A. Leffler Company is undertaking to collect an indebtedness of $6,992.46, besides interest, commissions, and costs of sale. All of the indebtedness, except $558, is claimed by A. Leffler Company as an indebtedness of a partnership composed of P. C. Waters and D. R. Lee, under the style of P. C. Waters & Company, and A. Leffler Company is seeking to subject the property in controversy to the payment of the indebtedness of the partnership, as well as the individual indebtedness of P. C. Waters. The partnership was not in existence or in contemplation of the parties at the time of the execution and delivery of the security deed, and it was not intended that it should secure the indebtedness of such subsequently created partnership. The plaintiff did not know, at the time he purchased the 13 acres in question, of the existence of the security deed, nor did his predecessors in title have any knowledge thereof; nor did P. C. Waters know that A. Leffler .Company was claiming that the security deed covered the indebtedness of P. C. Waters & Company created a year after the date of the deed. The plaintiff alleges that the security deed does not constitute a lien upon or convey title to A. Leffler Company as security for the partnership indebtedness of P. C. Waters & Company, nor is it a valid conveyance of title as against the title of the plaintiff. The plaintiff and his predecessors in title have made valuable improvements on the land. P. C. Waters is insolvent. To allow the sale to proceed would be to place a cloud upon the plaintiff's title. After describing the two notes for which the security deed was given, it reads as follows: "but also any and all indebtedness which said party of the first part may hereafter owe to said party of the second part, be it more or less than the above aggregate sum, and whether evidenced by said or other notes, or open account, or other evidence thereof." The security deed, although recorded, being thus vague and indefinite in its reference to any other indebtedness than the two notes described therein, constitutes no notice to third persons or other creditors of Waters, or to purchasers from him, of any other indebtedness, or of any lien or claim of title in A. Leffler Company to the thirteen acres of land.

    *Garrard & Gazan,* for Leffler Company et al.

    *Johnston & Cone* and *Brannen & Booth,* contra.

GILBERT, J. (After stating the foregoing facts.)  P. C. Waters was doing business with A. Leffler Company, and was indebted to the latter; and wishing to continue his dealings, he executed and delivered a deed, not only to secure the existing indebtedness, $1536.01, but also to secure "any and all indebtedness" which Waters "may hereafter owe" to Leffler Company, "be it more or less than" $1536.01.  The same clause of the deed further provided that advances in excess of this sum "shall be made, if at all," at the option of Leffler Company.  The advances to Waters individually never thereafter exceeded the sum named.

1.  The terms of the deed are comprehensive and unambiguous. There are no allegations of fraud, nor of anything else entering into the making of the deed which would in any way excuse the grantor or relieve him from the terms of the contract which he engaged to perform.  Courts should guard with jealous care the rights of private contract, and give to them full effect when possible to do so.  This is a duty which rests upon principles of the highest importance, for the security and integrity of the business world depends upon it.  It is insisted, that the intention of the parties in making the deed was to secure such advances as should be made by Leffler Company to Waters in the usual course of business as theretofore conducted by him; that Waters at that time was doing business as an individual, but subsequently thereto entered into a copartnership with one Lee; and that the firm thus constituted continued the usual business with Leffler Company; and that this firm contracted a debt which was not embraced within the terms of the security deed, although after the dissolution of the firm Waters assumed the copartnership debt individually.  We can see nothing in the language of the contract to justify this reasoning.  The language in the deed makes no such limitation upon its operation, but, on the contrary, declares that it is intended to secure "any and all indebtedness" which Waters "may hereafter owe" to Leffler Company.  No word in a contract shall be treated as a redundancy if any meaning reasonable and consistent with other parts can be given to it.  *Mutual Life Ins. Co.* v. *Durden,* 9 *Ga. App.* 802 (72 S. E. 295).  To construe this deed as securing "any and all indebtedness," including a debt of Waters & Lee, a copartnership, assumed by Waters, is not only reasonable and consistent with other parts of the contract, but a contrary view would

be unreasonable, because the latter view would be treating as redundant and meaningless the words "any and all" indebtedness which Waters "may hereafter owe" to Leffler Company. We think perhaps the confusion has been occasioned by reason of the introduction of the part played in the transaction by the copartnership, and the contentions in regard to the liability of the individual partner for partnership debts. Suppose, for the sake of the argument, that Waters had assumed the debt of some third person to Leffler Company. Surely the security deed would cover such indebtedness, as its comprehensive language included "any and all indebtedness." The result is the same if the debt assumed was one due by a copartnership of which Waters was a member. First National Bank of Paterson v. Bayard, 26 N. J. Eq. 255. But, it is argued, Leffler Company declined to release Lee, the retiring partner. This can not operate to the benefit of Waters and those claiming under him. The authorities are not uniform on the question of whether a creditor is bound to treat a retiring partner as a surety and look to the other partner, who continues the business, as principal, where the creditor has notice of the dissolution and of the agreement by the continuing partner to assume the debts. For a full discussion see *Preston* v. *Garrard,* 120 *Ga.* 689 (48 S. E. 118, 102 Am. St. R. 124, 1 Ann. Cas. 724); *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245); *Grigg* v. *Empire State Chemical Co.,* 17 *Ga. App.* 385 (87 S. E. 149). In the present case Waters assumed the specific indebtedness to Leffler Company, and himself gave actual notice. Whether compelled to do so or not, Leffler Company had the legal right to treat Lee as security. However this may be, Waters owed the debt incurred by the former partnership. The copartnership had ceased, and Leffler Company could sue Waters individually or, with proper service, jointly with Lee; and in either event the judgment would bind the individual property of Waters, and the deed secured "all indebtedness now owing or to be owing." For the reasons above stated we hold, that, under the plain terms of the security deed, the debt of the copartnership, when assumed by Waters, became his debt, whether Lee was released or not, and was covered by the terms of the security deed. On the subject of securing future debts see *Hester* v. *Gairdner,* 128 *Ga.* 531 (58 S. E. 165); *Bank of Cedartown* v. *Holloway-Smith*

*Co.*, ante, 700 (92 S. E. 213). The trial court having held to the contrary of what we here decide, the judgment must be reversed.

2, 3. The rulings in the second and third headnotes require no elaboration.

· *Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*