### Bank of Chatsworth *v.* Patterson.

Per Curiam. On March 24, 1914, Loomis executed to Bank of Chatsworth his promissory note for the sum of $550, with interest, due six months after date. To secure the payment of the note Loomis executed to the bank his warranty deed to certain lands which were sufficiently described therein. On the same day the bank delivered to Loomis a bond conditioned to reconvey the land to Loomis, or his assigns, upon payment of the debt. On May 25, 1915, Loomis executed to the same bank a promissory note for the sum of $2000, with interest, and provided therein that "said bank is hereby expressly authorized to retain any special or general deposit, collateral, real or personal security, or the proceeds thereof, belonging to either of us, now or hereafter in possession of it during the time this note remains unpaid, and before or after maturity hereof apply the same to this or any other debt or liability of either of us to said bank, due or to become due." On June 23, 1915 Loomis transferred and assigned his bond for title to Patterson, the de-

fendant in error, as follows: "For value received I hereby transfer all of my rights and interest in the within bond for titles to A. J. Patterson." On the same day Patterson tendered to the Bank of Chatsworth the principal and interest due on the first above-named note of Loomis to the bank, and demanded that the bank make to him a deed conveying the lands in question, in accordance with the terms of the bond for title, which request was refused by the bank. Afterwards Patterson prepared a deed in compliance with the terms of the bond for title, and presented it to the bank with the request that it be executed, agreeing to pay the amount due on the first-named promissory note, which request was refused by the bank. Thereafter Patterson filed his petition against the bank, alleging his offer to comply with the conditions in the bond as to the payment of the first-named note; and he prayed that upon payment of said note, with interest, the bank, by decree, be compelled and required to make and execute to petitioner good and sufficient titles to the lands in question, and for general relief. Answering the petition the Bank of Chatsworth set up the additional indebtedness, as evidenced by the second above-named promissory note made to it by Loomis, and the provision in said note quoted above, claiming, by virtue of the same, that it could not be compelled to reconvey the land to either Loomis or his assignee until the full payment of both notes; and that Patterson had taken his assignment with full notice of the equities of the bank. On the trial the plaintiff moved to strike all reference in the answer to the second indebtedness and the provision in the note quoted above, which motion the court sustained. The execution of the bond for title being admitted, the court directed a verdict in favor of the plaintiff. The defendant excepted to the two rulings just stated. Held:

1. The provision in the second promissory note, quoted above, authorized the bank to retain any real or personal security of Loomis which it then held, and to apply it to the payment of the second note. It was competent to prove by aliunde evidence that the deed securing the first note was the security to which the parties had reference. Thus identified, the deed sufficiently described the land. See Wylly v. Screven, 98 Ga. 213 (2), 215 (25 S. E. 435); Leffler Co. v. Lane, 146 Ga. 741 (92 S. E. 214); Harriss v. Howard, 126 Ga. 325 (3), 330 (55 S. E. 59).

2. The bank, under the second contract, could not be required to reconvey the land in question until the whole of the indebtedness due by Loomis, as evidenced by the two said notes, had been fully paid. The court therefore erred in sustaining the demurrer and motion to strike; and this error invalidates the verdict.

Judgment reversed. All the Justices concur, except Beck, P. J., and George, J., dissenting.

No. 603. SEPTEMBER 13, 1918.

Petition for specific performance. Before Judge Tarver. Murray superior court. August 20, 1917.

W. C. Martin and W. E. Mann, for plaintiff in error.

C. N. King and Maddox, McCamy & Shumate, contra.