## WASHINGTON EXCHANGE BANK v. SMITH.

1. Where an individual executed to a bank a promissory note and to secure payment of the same executed an absolute deed of conveyance, and subsequently, in a note given in renewal of the former note, it was stipulated that "It is hereby agreed and understood that any excess of security upon this note shall be applicable to any other note or claim held by said bank against me," and where prior to the execution of the note containing the stipulation referred to, and while the original note and the instrument securing the payment of the same were still in the hands of the bank, the maker thereof executed and delivered another promissory note to the same bank, the bank would have, as against the maker, a lien upon the property conveyed in the security deed.

2. In view of the ruling made above, this court will not pass upon the question as to whether or not the tender alleged and proved by the defendant was a valid and sufficient tender, inasmuch as that question will be considered from a materially different standpoint when the case is tried again.

No. 1349. January 13, 1920.

Certiorari; from Court of Appeals. *23 Ga. App.* 356.

This was a suit upon two promissory notes. The plaintiff, after an adverse verdict was rendered by the jury, made a motion for a new trial, which was overruled; and the case was carried by writ of error to the Court of Appeals, and that court upon review affirmed the decision of the lower court, with certain directions. The following is a substantial statement of the material facts and questions involved in the record: The plaintiff, herein for convenience called the bank, brought suit on two notes, one for the principal sum of $5,000 and one for the principal sum of $447, and also showed through its pleadings the execution by the defendant of a warranty deed on a date prior to both of said notes; but which deed, it was agreed between the parties, was executed on the date on which the indebtedness represented by the $5,000 note was incurred, the $5,000 note being a renewal note. The bank asked for judgment upon its two notes for principal and interest and attorney's fees, and prayed for a special lien upon the land. The defendant set up that the deed was security only for the $5,000 debt, and pleaded that he had tendered $5,000 and interest up to the date of the tender, and that his tender was coupled with a demand for the deed which was given as security; and that plaintiff stated that it would not deliver said deed to reconvey said property to defendant, unless not only said note of June 26, 1914 (the $5,000 note) should be paid, but in addition thereto said note for $447 dated June 23, 1913. Defendant further pleaded that the refusal on the part of the plaintiff to make the deed of reconveyance unless both debts were paid constituted a breach of plaintiff's contract with the defendant, and in consequence thereof the defendant was under no obligation to make any tender to the plaintiff, and the defendant was therefore not liable for interest after the date of the tender, nor for attorney's fees.

The case was tried on an uncontested statement of facts. It appears that the security deed was dated March 21, 1911. It is absolute in its form and describes no debt. However, it is ad-

mitted in the pleadings that it was given to secure the $5,000 debt of which the $5,000 note of June 26, 1914, was a renewal. In the note of June 26, 1914, after setting forth the promise to pay the $5,000 and interest and ten per cent. attorney's fees, is the recital: "Having pledged to said Bank as collateral security for the payment thereof deed to real estate, with authority to sell the same without notice on non-performance of this promise . . It is hereby agreed and understood that any excess of security upon this note shall be applicable to any other note or claim held by said Bank against me." The other note of $447, dated June 28, 1913, was also in evidence.

It further appears that defendant's attorney went to the bank and had the cashier ascertain the balance due on the $5,000 note on March 14, 1917. The cashier figured the amount to be $2,856.90. The attorney "offered him a check for that amount and demanded the deed for which the debt was given as security." The president of the bank was absent, and the cashier asked time to confer with him before making answer. On the next day the cashier saw the defendant's attorney, and in addition to bringing the $5,000 note brought three additional notes, including the $447 note, and stated "that unless Mr. Smith paid all these notes the deed would not be canceled or surrendered." A few days thereafter the attorney for the plaintiff came to the attorney for the defendant and offered to surrender or cancel the deed upon payment of the two notes sued on, that is, the $5,000 note and the note for $447. Defendant's attorney testified, "This I declined to do." On the subject of continuity of the tender the only evidence is that of defendant's attorney, as follows: "I have the money on hand now to pay the Washington Exchange Bank the amount due on the $5,000 note, and am ready and willing, in behalf of Mr. Smith, to pay this amount at any time the bank is willing to accept it and surrender the deed for which it was given to secure. When I say I have the money on hand, I mean I have it accessible whenever the bank will accept it, as I have a party who will lend it to Mr. Smith."

*Colley & Colley* and *Little, Powell, Smith & Goldstein,* for plaintiff. *I. T. Irvin Jr.* and *Samuel H. Sibley,* for defendant.

BECK, P. J. (After stating the foregoing facts.)

1. In the course of the opinion affirming the judgment of the

court below the Court of Appeals made this ruling: "2. Under the agreed statement of facts, the court, passing by consent upon all questions both of law and fact, did not err in finding and adjudging that the $5,000 note was the only note sued on which was secured by deed, and that the $447 note was not so secured. The deed in question, which secured the $5,000 note, was executed prior to the execution of the $447 note. The $447 note was, however, executed prior to the execution of the $5,000 note, and was held by the plaintiff bank at the time of the making of the latter note. The $5,000 note did not specifically refer to the $447 note (both notes being executed by the same person), but contained the following provision: 'And it is hereby agreed and understood that any excess of security upon this note shall be applicable to any other note or claim held by said bank against me.' No parol evidence was introduced to show that the $447 note was secured by the deed given to secure the $5,000 note, or that this was the intention of the parties, and the language just quoted from the $5,000 note was insufficient in itself to establish such fact."

In the case of *Leffler Co. v. Lane,* 146 *Ga.* 741 (92 S. E. 214), it was said: "W., in his individual capacity, executed and delivered a deed to land to secure a named indebtedness due by him to L. The deed stipulated that it was given to secure 'any and all indebtedness' which W. 'may hereafter owe' to L. After the delivery of the deed W. became a member of a partnership, which also became indebted to L. Upon the dissolution of the partnership with the knowledge of L., its entire indebtedness due L. was assumed by W. *Held,* that under the terms of the security deed, when W. assumed the debt of the copartnership, it became his debt, and was covered by the deed described." The stipulation in the $5,000 note, that "It is hereby agreed and understood that any excess of security upon this note shall be applicable to any other note or claim held by said bank against me," was broad enough to cover the $447 note which was executed subsequently to the execution of the original $5,000 note, but prior to the renewal note containing the stipulation quoted; and the expression, "Any excess of security upon this note shall be applicable to any other note or claim held by the bank against me," should be construed to mean that if there were other notes held by the bank against the maker

they should be secured by the deed to the extent of the excess of the value of the land conveyed by the deed over and above the amount that might be due on the $5,000 note. The ruling made in the case of *Leffler Co.* v. *Lane,* supra, and what we have ruled here, is supported by the rulings and discussion of questions very similar to that presented here, in the cases of *Wylly* v. *Screven,* 98 *Ga.* 213 (25 S. E. 435), *Mizell* v. *Kesler,* 135 *Ga.* 583 (69 S. E. 1080), and *Bank of Chatsworth* v. *Patterson,* 148 *Ga.* 367 (96 S. E. 996).

2. In view of the ruling made above, this court will not pass upon the question as to whether or not the tender alleged and proved by the defendant was a valid and sufficient tender; inasmuch as that question will be considered from a materially different standpoint when the case is tried again.

*Judgment reversed. All the Justices concur.*