## MOULTRIE BANKING COMPANY *v.* MOBLEY,
superintendent of banks.

No. 7407. April 17, 1930.

W. G. *Martin,* for plaintiff in error.    H. A. *Wilkinson,* contra.

HINES, J.   Coleman, as receiver of the Bank of Doerun, filed his petition against the Moultrie Banking Company, in which he made these allegations: About October 1, 1926, the Bank of Doerun was taken in charge by the superintendent of banks, it being at that time, and having been for six months prior thereto, wholly insolvent.   On January 1, 1927, a pretended sale of the bank's assets was made by the superintendent of banks to certain trustees.   A petition was brought to vacate said sale and to appoint a receiver for said assets.   The superintendent of banks was made a party to said proceeding, and was ordered to take charge of and administer the assets of said bank.   To this judgment exceptions were taken, and a writ of error to this court was sued out to

review said judgment, which is now pending in this court. (Since decided, and judgment affirmed (*Mobley* v. *Marlin,* 166 *Ga.* 820, 144 S. E. 747)). On May 26, 1926, the Bank of Doerun executed to the Moultrie Banking Company its deed by which the grantor conveyed to the grantee certain described lands to secure the payment of a note for $5,000. This deed contained a power of sale, authorizing the bank to sell the lands embraced therein if the grantor defaulted in the payment of the indebtedness thereby secured, and to apply the proceeds to the payment of said indebtedness with interest, "and the expenses of the proceedings," after advertisement as provided in said power. The Moultrie Banking Company is advertising the sale of said land on the first Tuesday in November, 1927, under said power of sale. Said sale should be stayed (for certain reasons fully set out in the petition, which need not be here stated). The Moultrie Banking Company should be required to intervene in the equitable proceedings of Marlin et al. v. Bank of Doerun et al., set up and establish its claim and the amount thereof, and should account to the court and its receiver for certain property now or recently in its hands on which the receiver holds a lien of the value of $1,000 or more. The Bank of Doerun holds an execution against W. M. Smith for $12,000, which is a lien upon all his property. Nevertheless the defendant wrongfully advertised and sold certain described real estate of Smith, the sale being had under a power of sale in a deed previously executed by Smith to secure a debt for the sum of about $2,000. Said sale was made with notice by defendant of the lien of the Bank of Doerun upon the equity in the property sold. Said sale was a mere subterfuge by which the title to said property was switched from Smith to his wife without the exchange of possession or funds. The same should be held subject to said execution upon payment of the bank's claim thereon, which by authority of the court is tendered. Said sale should be declared void, because the same interferes with the rights and equity of petitioner's junior lien. If said sale be valid, the equity in the property is of the value of $1,000 or more, to which petitioner is entitled. Petitioner prays that the Moultrie Banking Company be required to intervene in said proceeding, set up and establish its claim, and account to petitioner for the property on which plaintiff has a lien, and which defendant has appropriated or misapplied, that upon failure to do so

said sale be declared void as against petitioner upon the payment of the claim upon which said sale is based, and that the defendant be restrained from proceeding further with the sale on the first Tuesday in November, 1927, as advertised.

In its answer the defendant denied the material facts upon which the plaintiff relied for recovery. The injunction prayed for was denied, and the property was sold under said power of sale. In its answer as amended the defendant set up that the property embraced in the security deed from W. M. Smith to it was sold at public sale under the exercise of a power of sale therein contained, for the sum of $3,650, that it deducted from the proceeds the sum of $2,752 due on the two notes secured by said deed, the sum of $313.50 due on a note given by Smith to it on April 4, 1927, the costs amounting to $40 incurred in advertising the land for sale, the state and county taxes on the property for 1926, amounting to $382.70, taxes due the City of Doerun for 1926, amounting to $97, and attorney's fees in connection with the sale, amounting to $65.

The deed from Smith to the Moultrie Banking Company was executed to secure two notes given by the maker to said bank for $1,250 each, and "for any other debt personal and endorsement." The power of sale therein provided that the bank, upon the failure of Smith to pay said indebtedness, was authorized to sell the lands therein embraced after advertising the same, and apply the proceeds of the sale to the payment of the debts secured, with interest thereon, "and the expenses of the proceedings." The defendant sold the property embraced in the security deed from the Bank of Doerun to itself for the sum of $2,677.50, and applied the sum of $2,468.03 to the payment of the balance due on the note secured by said deed, the sum of $40 for advertising the property for sale under the power of sale, and a fee of $125 paid by it to its attorney in connection with said sale. After applying these amounts, the bank admitted that it held subject to the order of the court the sum of $44.47.

The case was submitted to the trial judge to pass upon all issues of law and fact, without the intervention of a jury. He found all the issues in favor of the Moultrie Banking Company, except two. He held that the note given by Smith to the Moultrie Banking Company on April 4, 1927, was not secured by the security deed from Smith to that bank; and further held that this bank was

not authorized to apply any of the proceeds arising from the sale of the property embraced in the security deeds from the Bank of Doerun and Smith to it in payment of its attorney's for services rendered it in conducting such sales. To these rulings the Moultrie Banking Company excepted.

■ Was the note given by Smith to the Moultrie Banking Company, dated April 4, 1927, for $313.50, secured by the deed from him to the defendant executed on July 20, 1926? This deed was given to secure two notes given by the maker thereof to said bank for $1,250 each, "and for any other debt personal or endorsement." Counsel for the superintendent of banks contends that the only indebtedness secured by this instrument was the two notes given by Smith to the bank for $1,250 each, and that the language, "and for any other debt personal or endorsement," did not include the note given by Smith to the bank on April 4, 1927, for $313.50. Is this contention sound? A mortgage, to be valid, must "specify the debt to secure which it is given." Civil Code (1910), § 3257. This provision is to have a reasonable construction, and must be so construed as to facilitate and not hamper and restrict mortgage liens. The debt or duty of the mortgagor must be specified, but it does not require that such debt or duty shall be specific and precise. It may be indefinite, as to indemnify a surety for what he may pay in a certain event, or to hold one harmless for whatever may happen under certain circumstances. The paper must point out what the parties intend. If this is done, the mortgage is sufficient. *Allen* v. *Lathrop*, 46 *Ga.* 133. No formal or exact description of the debt is essential, provided there is a debt between the parties capable of being enforced against the mortgagor or the property mortgaged. Literal exactness is not required. *Emerson* v. *Knight*, 130 *Ga.* 100, 103 (60 S. E. 255). If the instrument we are dealing with was a mortgage and not a security deed, the same being given to secure a specified indebtedness, "and for any other debt personal or endorsement," the language quoted was sufficient to embrace any subsequent indebtedness contracted by the debtor with the bank. The rule is the same when a security deed is involved. The language "any other debt" is very broad, and clearly indicates that the instrument was executed to secure the specified indebtedness and any or all debts that the maker might afterwards contract with the bank. Where a deed is executed to secure a specified debt,

the security thus created could, by written contract between the parties, be so extended as to secure, as between them, another debt subsequently contracted by the grantor in favor of the grantee. *Wylly* v. *Screven*, 98 *Ga.* 213 (25 S. E. 435) ; *Leffler Co.* v. *Lane*, 146 *Ga.* 741 (92 S. E. 214) ; *Georgia National Bank* v. *Reese*, 156 *Ga.* 652, 655 (119 S. E. 610). The decision last cited holds that the agreement may be contained in the note given for the subsequent indebtedness created. Where an individual executed to a bank his notes, and to secure their payment executed an absolute deed of conveyance, and subsequently, in a note given in renewal of the former note, it was stipulated that "any excess of security upon this note shall be applicable to any other note or claim held by said bank against" the borrower, and where prior to the execution of the note containing the stipulation referred to, while the original note and the instrument securing the payment of the same were in the hands of the bank, the maker thereof executed and delivered another note to the same bank, the bank would have, as against the maker, a lien upon the property in the security deed to secure such new loan. *Washington Exchange Bank* v. *Smith*, 149 *Ga.* 650 (101 S. E. 771).

If the agreement, that a subsequent indebtedness is to be secured by a previously executed security deed, can be embraced in a note given therefor, such agreement can be clearly embraced in the deed itself; and, as above held, the language in the security deed with which we are dealing was sufficient to evidence the agreement that any subsequent indebtedness from the grantor in the security deed to the bank would be secured thereby. Where an instrument was in the form of a warranty deed to certain land, and did not disclose that it was a security deed, but purported to convey absolute title, the borrower at the same time taking from the lender a bond to reconvey upon payment of the debt, and subsequently the maker of the deed borrowed an additional sum of money from the lender, and executed upon the bond for title a written agreement that the grantee should not be required to reconvey the property until the last mentioned debt was fully paid, the effect of the second contract was to extend the security afforded by the deed to the new loan, notwithstanding the fact that this agreement was never recorded. *McClure* v. *Smith*, 115 *Ga.* 709 (42 S. E. 53). Where an instrument in the form of a warranty deed is given to secure an indebtedness,

and there is nothing therein to fix the amount of the indebtedness secured, but the instrument expresses a certain amount as the consideration thereof, it is competent to show by parol evidence that the deed was given to secure a debt already existing to the amount expressed as a consideration, and also to secure future advances to be made. If such deed is made to secure a particular debt, it can not be extended by subsequent parol agreement so as to secure other debts. *Hesler* v. *Gairdner*, 128 *Ga.* 531 (58 S. E. 165). But by agreement in writing the security of such deed can be extended to subsequently contracted debts. Where a deed recites that it is given to secure an existing indebtedness represented by notes for stated amounts, and also for subsequent advances or loans to be made to the grantor by the grantee, it will include inter partes such subsequent advances. *Carrington* v. *Citizens Bank*, 144 *Ga.* 52 (5) (85 S. E. 1027). So we are of the opinion that the note given by Smith to the Moultrie Banking Company on April 4, 1927, was secured by his deed given to that bank on July 20, 1926; and that the trial judge erred in holding that it was not so secured, and in awarding judgment against the bank for the amount of such note.

■ In this State, "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought." Civil Code (1910), § 4252. Under this law an obligation to pay attorney's fees, in addition to the rate of interest specified therein, is void, and not enforceable, except in a suit upon the note where the defendant has been given the notice therein required, and the defendant fails to pay the note on or before the return day of the court to which the action is made returnable. *Stone* v. *Marshall*, 137 *Ga.* 544 (1) (73 S. E. 826). Such an obligation in a deed to secure debt is unenforceable, unless the notice required by this section is given, and suit is brought to enforce the debt secured. *Demere* v. *Germania Bank*, 116 *Ga.* 317 (42

S. E. 488). So we are of the opinion that the agreements of the debtor in this case to pay the expenses incurred by the grantor in exercising these powers of sale, if such agreements should be construed to embrace attorney's fees, were void. In *Oliver Typewriter Co.* v. *Fielder, 7 Ga. App.* 525 (67 S. E. 210), and in *Morrison* v. *Fidelity & Deposit Co., 150 Ga.* 54 (102 S. E. 354), the courts were dealing with contracts of indemnity. They were not dealing with contracts to pay attorney's fees on primary obligations. The court did not err in disallowing the claim of the bank for attorney's fees paid out for the services of its attorney rendered in connection with the exercise of these powers of sale.

It follows from the foregoing rulings that the judgment dealt with in the first division of this opinion should be reversed, and that the judgment dealt with in the second division should be affirmed.

*Judgment reversed in part and affirmed in part. All the Justices concur.*