DUDLEY, receiver, *el al.* v. RECONSTRUCTION FINANCE CORPORATION.

No. 12748. MAY 9, 1939.

*C. B. Marshall, Gilbert C. Robinson,* and *Benning M. Grice,* for plaintiffs.

*Anderson & Anderson,* for defendant.

DUCKWORTH, Justice. N. M. Dudley as receiver for the First National Bank of Reynolds, Georgia, brought a suit in equity in the superior court of Bibb County against the Macon Savings Bank and E. W. Copeland, receiver for said bank, praying for injunction and other equitable relief. Mrs. Lottie Goddard Marshall and G. H. Goddard filed an intervention as parties plaintiff. The petition and intervention were substantially the same, and alleged the following facts: On September 16, 1925, E. A. Goddard executed to the Macon Savings Bank a note for $6000 secured by a deed to property at Reynolds, Georgia. After the death of E. A. Goddard, G. H. Goddard and Mrs. Lottie Goddard Marshall, on November 2, 1928, executed an extension agreement to the Macon Savings Bank, extending and promising to pay the balance of $5000 of said loan on November 2, 1931. On the same date and contemporaneously therewith, G. H. Goddard and Mrs. Marshall borrowed $1000 from the Macon Savings Bank, giving their note therefor, and a security deed to property in Macon, Georgia, which deed contained the following provisions: "It is agreed and understood that this deed shall secure not only the above-described indebtedness but any renewals or extensions of said indebtedness, or any other indebtedness which I may owe to said bank either as maker or endorser during the next five years from date hereof." The property in Reynolds was sold in 1931 under the power contained in the security deed, for $1000, leaving a balance of $4000 unpaid. The debt secured by the deed to the Macon property was paid in full. The Macon Savings Bank is advertising the Macon property for sale to satisfy the balance of the debt described in the extension agreement, under the power of sale contained in the deed conveying that property. The intervenors were adjudged bankrupts in 1930, and in their schedules claimed the property located in Macon, Bibb County, Georgia, being the same property conveyed by them to the Macon Savings Bank in the foregoing security deed, and in October, 1930, they made an assignment of said property to the plaintiff Dudley. By amendment E. W. Copeland and the Macon Savings Bank were stricken as defendants, and the Reconstruction Finance Corporation was made a party defendant. The defendants filed general demurrers to the petition and intervention as amended, which demurrers were sustained, and the petition and the intervention were dismissed. The plaintiffs excepted.

The sole question presented is the construction of the following clause in the security deed conveying the Macon property: "It is agreed and understood that this deed shall secure not only the above-described indebtedness but any renewals or extensions of said indebtedness or any other indebtedness which I may owe to said bank, either as maker or endorser, during the next five years from date hereof." If this provision of the security deed embraced only obligations of grantors to grantee created after the date of the deed, then the petition and intervention stated a cause of action and should not have been dismissed on demurrer. In order to give the clause this construction it would be necessary to find that the language used is limited in its meaning, or that it is ambiguous, and the attending circumstances should be inquired into to determine if the parties intended to so limit and restrict the language used. As was said in *Mandeville Mills* v. *Milam,* 39 *Ga. App.* 768, 771 (148 S. E. 418), "The cardinal rule of construction, to which all others are subordinate, is to ascertain the intention of the parties, and in order to do this the language of the agreement should be considered in the light of the attendant and surrounding circumstances. The court should place itself as nearly as possible in the situation of the parties, in seeking the true meaning and the correct application of the language of the contract." But, in applying this rule in seeking the intention of the parties, the courts are not authorized to change the clear meaning of the language used, and thereby give to the contract a meaning not authorized by the unambiguous language of the contract. In every case the intention of the parties is conclusively presumed to have been what the plain language they employed means. The question presented is not without difficulty, and the fair and able counsel for the respective parties have frankly declared their inability to cite any case exactly in point in all respects, although counsel for the plaintiffs cite *Skinner* v. *Elliott,* 17 *Ga. App.* 511 (87 S. E. 759), where it was sought to embrace an antecedent joint obligation in a clause of a bill of sale in the following language: "The sum of three hundred dollars advanced and to be advanced to me in provisions and supplies by C. W. Skinner and to secure any balance on account or note that I may be due the said C. W. Skinner at any time." In the opinion the Court of Appeals used the following language, upon which counsel for the plaintiffs strongly rely, to wit: "The words

'any balance I may be due . . at any time' indicate a prospective, presently indefinite, and unascertained sum, and not a definite, ascertained amount owing on an existing note." We can not approve the language quoted from that opinion, because it would exclude from the debts that could be secured by such a clause any obligation that was definite and ascertained at the time of the execution of such a lien.

This court, in *Washington Exchange Bank* v. *Smith,* 149 *Ga.* 650 (101 S. E. 769), held that a similar provision would embrace a pre-existing note for the definite and ascertained amount of $447. The clause held to embrace this note was contained in another note dated June 26, 1914, and was as follows: "It is hereby agreed and understood that any excess of security upon this note shall be applicable to any other note or claim held by said bank against me." This court held that the quoted clause included a note for $447, dated June 23, 1913. Counsel for the plaintiffs cite a number of cases from other jurisdictions, in support of his contention that the clause in the security deed here involved does not apply to pre-existing or contemporaneous obligations of the grantor; but in view of the very definite ruling of this court in *Washington Exchange Bank* v. *Smith,* supra, we can not follow the cases relied upon by him. While the clause construed, "any other note or claim held by said bank against me," employed words that differ from the words "other indebtedness which I may owe to said bank," contained in the clause here involved, there is no substantial difference in the meaning of the two clauses. They are identical in so far as they apply to contemporaneous or past indebtednesses, the former using the words "held by said bank against me," and the latter "which I may owe said bank." Had the parties desired or intended to restrict the provision to any particular obligations of the grantors, such as obligations assumed during the five-year period or obligations maturing during said period, or any other similar limitations, they could and should have so expressed that intention in the written instrument. As the instrument stood when executed, it pledged the property therein conveyed to secure not merely a designated or limited class of indebtedness which the grantors might owe the bank, but each and every debt owed during the five-year period. And unless it could be held that the grantors did not owe the bank the indebtedness assumed con-

temporaneously during the five-year period, it can not be held that that debt was not embraced in the provision of the deed to the effect that it would secure any other indebtedness which grantors may owe said bank. Clearly the instrument is not susceptible of such construction. Accordingly the court properly sustained the demurrers.

*Judgment affirmed. All the Justices concur, except Grice, J., disqualified.*