18318. DECATUR LUMBER & SUPPLY CO. *v.* BAKER.

ARGUED SEPTEMBER 16, 1953—DECIDED OCTOBER 14, 1953—REHEARING DENIED NOVEMBER 12, 1953.

*W. E. Zachary,* for plaintiff in error.

*Walter E. Baker, Jr.,* contra.

HEAD, Justice. The controlling questions in this case are whether the language in the deed to secure debt from William M. Earnest to the defendant, "or any other present or future indebtedness or liability of mine to second party," included the indebtedness on open account (later reduced to judgments) of Earnest to the defendant, and whether such language was so unambiguous as to preclude the introduction of oral testimony contradicting the terms of the deed as to the intention of the parties.

These questions have been fully decided by previous decisions of this court, construing similar language. The prior indebtedness of the grantor in the deed to secure debt was secured by the deed, and the fact that the deed recited that it was given to secure a debt of $1,000, evidenced by a described note, "or any other present or future indebtedness or liability" of the grantor to the grantee, did not make it ambiguous. *Moultrie Banking Co.* v. *Mobley,* 170 *Ga.* 402 (152 S. E. 903) ; *Dudley* v. *Reconstruction Finance Corp.,* 188 *Ga.* 91 (2 S. E. 2d 907) ; *Rose City Foods* v. *Bank of Thomas County,* 207 *Ga.* 477 (62 S. E. 2d 145), and cases cited.

It was, therefore, erroneous for the trial judge to allow testimony, over the objections of the defendant, as to the intention of the parties, contrary to the terms of the deed, and to instruct the jury that they might find for the petitioner if they believed from the evidence that at the time of the execution of the deed the parties intended that the deed should secure $1,000 of the indebtedness due by the grantor in the deed to the defendant, and that the deed was not given for the purpose of securing any other present or future indebtedness of the grantor to the grantee.

The evidence wholly failed to support a verdict for the petitioner.

*Judgment reversed. All the Justices concur.*